389 A.2d 615

**Elaine Sheppard VENTO**

v.

**Frank J. VENTO, Appellant.**

Superior Court of Pennsylvania.

Argued March 22, 1978.

Decided July 12, 1978.

Thomas J. Stapleton, Jr., Drexel Hill, for appellant. Read Rocap, Jr., Media, for appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT and HESTER, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in granting partition of property which appellant and appellee held as tenants by the entireties because appellee did not prove that appellant wrongfully appropriated property to his own use

and excluded appellee therefrom. We disagree and, therefore, affirm the decree of the lower court.

At a pre-trial conference before the Delaware County Court of Common Pleas on April 8, 1976, the parties stipulated the following facts: On April 8, 1975, appellee, Elaine Sheppard Vento, filed a complaint in equity and partition against appellant, her husband, Frank J. Vento. Appellee alleged that she and appellant were married in Philadelphia, on November 16, 1957. On September 15, 1974, the parties separated; appellee left the family residence where appellant remained with their three teenage children. Prior to December 24, 1973, the parties opened a joint savings account[1] at a Philadelphia bank; either party had power to draw.[2] On October 22, 1974, appellant withdrew the sum of $9500.00 in cash from the account, leaving a balance of $32.78.

In her complaint, appellee alleged that appellant withdrew $9500.00 from the joint account without appellee's knowledge or consent and appropriated the money for his own use. Consequently, she requested the court to partition the $9500.00, the parties' real estate, and the household furnishings.

In his answer, appellant responded that he did not deny appellee access to the jointly owned savings account nor did he exclude her from the family residence and household furnishings. Following a nonjury trial on July 29, 1976, at which both parties testified, the lower court issued an adjudication in which it found that appellant wrongfully withdrew $9500.00 from the joint savings account without appellee's knowledge or consent and appropriated the money to his own use. Accordingly, the court entered judgment

1. Although the savings account designated the parties as joint tenants, we note that property held by husband and wife as joint tenants constitutes property held by the entireties. *Cohen v. Goldberg*, 431 Pa. 192, 244 A.2d 763 (1968).

2. The parties stipulated that the deposition of Paul R. Driscoll, supervisor of the bank's audit department would be read at trial. The deposition established the existence of the joint account, the withdrawals, and existing balances at the relevant dates.

against appellant for $4750.00 plus interest from October 22, 1974, and ordered partition of the real estate and its furnishings. After the court dismissed appellant's exceptions, it entered a final decree on July 11, 1977. This appeal followed.

Appellant contends that the lower court erred in granting partition of the parties' property because appellee did not demonstrate that appellant appropriated any of the parties' property to his own use and excluded appellee from access thereto. We disagree.

■■ The rule in Pennsylvania regarding withdrawals from joint bank accounts is well settled. "Where both husband and wife have the power to withdraw funds deposited in a joint account, the power must be exercised in good faith for the mutual benefit of both, and cannot be rightly exercised by the fraudulent withdrawal of the corpus of the funds for the exclusive use of one for the purpose of depriving the other of any use thereof or title thereto." [3] *Berhalter v. Berhalter*, 315 Pa. 225, 228, 173 A. 172, 173 (1934). *See also In re Estate of Beniger*, 449 Pa. 373, 296 A.2d 773 (1972); *In re Estate of Carson*, 431 Pa. 311, 245 A.2d 859 (1968); *Reifschneider v. Reifschneider*, 413 Pa. 342, 196 A.2d 324 (1964); *De Luca v. De Luca*, 388 Pa. 167, 130 A.2d 179 (1957). "A violation of the rules by one's spouse appropriating the property to his own use works a revocation of the estate by the fiction of the appropriation's being an offer of an agreement to destroy the estate and an acceptance of that offer when the other spouse starts suit: the property is then fit for accounting and division. . . Furthermore, all property of the parties held by the entireties is affected, not merely the unit that has been improperly drawn upon." *Stemniski v. Stemniski*, 403 Pa. 38, 42, 169 A.2d 51, 53 (1961) (Citations omitted). *See also Backus v. Backus*, 464 Pa. 380, 346 A.2d 790 (1975); *Linett v. Linett*, 437 Pa. 138, 262 A.2d 849 (1970); *Shapiro v. Shapiro*, 424 Pa. 120, 224 A.2d 164 (1966); *Reifschneider v. Reifschneider*,

---

**3.** This rule also applies to joint tenants who are not husband and wife. *See In re Estate of Carson*, 431 Pa. 311, 245 A.2d 859 (1968).

supra. This rule is an exception to the general rule that neither tenant can partition entireties property prior to divorce. *Backus,* supra; *Linett,* supra; *Shapiro,* supra; *Stemniski,* supra.

In reviewing an equity decree, the chancellor's findings of fact, supported by competent evidence, have the weight of a jury verdict. *De Luca v. De Luca,* supra. "The test in either case is whether the findings are adequately supported by the record. The chancellor's findings are entitled to particular weight in a case in which the credibility of the witnesses must be carefully evaluated, because he has had the opportunity to hear them and observe their demeanor on the stand." *Stauffer v. Stauffer,* 465 Pa. 558, 567, 351 A.2d 236, 240 (1976). *See also Kimball v. Barr Twp.,* 249 Pa.Super. 420, 378 A.2d 366 (1977); *Reifschneider,* supra; *Shapiro,* supra.

Applying the previously outlined legal principles and our standard of review to the facts of the instant case, we conclude that the lower court's findings and remedy were correct. The court found that appellant wrongfully appropriated jointly owned funds to his own use and excluded appellee therefrom. The testimony of the parties at trial adequately supports this finding. Appellee testified that appellant withdrew $9500.00 from the joint account without either her knowledge or consent. In fact, she did not learn of this withdrawal until several months later when she attempted to withdraw funds from the account and found that the remaining balance was only $32.78. Appellee testified that when she asked appellant for some of the money he had withdrawn he refused. She further stated that she did not know where the passbook for the account was and had not seen it since August, 1975.

Appellant conceded that he withdrew $9500.00 from the joint account without appellee's knowledge or consent. In response to questions about whether he had offered any of the money to appellee he answered: "The thought never entered my mind. . . . I never offered to give her anything." Appellant further testified that after withdraw-

ing the money, he hid it in his house for about two years and spent more than $7000.00 on household and living expenses for himself and the children. However, appellant was evasive regarding specific expenses and conceded that he had neither receipts nor other evidence of these expenses.

■ We conclude that the lower court correctly found that the parties' testimony established that appellant wrongfully appropriated the $9500.00 to his own use and excluded appellee from the use and enjoyment of that property. The facts of the instant case required careful evaluation of the parties' credibility which the lower court had the opportunity to assess. *Kimball,* supra. Our review of the record reveals adequate evidence to support the lower court's findings. Thus, we find no abuse of discretion to warrant reversal. *Shapiro,* supra.

■■ Moreover, we conclude that the lower court correctly ordered partition of the $9500.00 as well as partition of the real estate and its furnishings. Appellant contends that partition of the real estate was erroneous because appellant did not exclude appellee from the residence nor deny her the use of its furnishings. This contention ignores the rule that once misappropriation of property held by both spouses has been established, "all property of the parties held by the entireties is affected, not merely the unit that has been improperly drawn upon." *Stemniski,* supra, 403 Pa. at 42, 169 A.2d, at 53.

In sum, we hold that the lower court correctly found that appellant's withdrawal of the $9500.00 from the joint bank account was a misappropriation of the parties' property to his own use and a wrongful exclusion of appellee from its use and enjoyment. Moreover, the lower court properly ordered partition of the money, the real estate, and the furnishings. Consequently, we affirm the lower court's decree.

Decree affirmed.

SPAETH, J., did not participate in the consideration or decision of this case.

HESTER, J., dissents as to the real estate.