418 A.2d 646

**Barbara Lee GRAY, Appellant,**

v.

**Robert B. GRAY, Jr.**

Superior Court of Pennsylvania.

Argued June 12, 1979.

Filed Feb. 1, 1980.

132

Harry G. Mahoney, Willow Grove, for appellant.

Bernard E. Zbrzeznj, Philadelphia, for appellee.

Before SPAETH, STRANAHAN and SUGERMAN, JJ.*

SPAETH, Judge:

This is an appeal from an order of the lower court sustaining appellee's demurrer to appellant's complaint in equity, which requested partition of certain properties owned by the parties as tenants by the entireties.

* President Judge JOHN Q. STRANAHAN, of the Court of Common Pleas of Mercer County, Pennsylvania, and Judge LEONARD SUGERMAN, of the Court of Common Pleas of Chester County, Pennsylvania, are sitting by designation.

The parties were married in 1959. They separated in 1977, appellant moving to a new home, appellee remaining in the marital home. In Count I of the complaint appellant alleged that the marital home had been transferred to her and appellee as tenants by the entireties but that after she left it, in May 1977, appellee changed the locks to the doors, and despite her repeated requests, refused to give her keys. In Count II appellant alleged that after the separation she and appellee had agreed to sell an automobile they owned by the entireties, and divide the proceeds equally, but that instead, appellant changed the locks to the automobile's doors and its ignition, and appropriated it to his own use. In this Count appellant further alleged that despite her repeated requests, appellee had refused to sell the automobile or give her keys to it. In Count III appellant alleged that she and appellee owned certain household furnishings by the entireties but that after the separation appellee had refused to permit her to have access to these furnishings. In each Count appellant alleged that appellee's actions with respect to the entireties property constituted offers on his part to destroy the entireties estate, and in each, she prayed that the properties be partitioned.

Generally, neither tenant can obtain partition of entireties property prior to divorce. *See Shapiro v. Shapiro,* 424 Pa. 120, 224 A.2d 164 (1966), *overruled on other grounds, Butler v. Butler,* 464 Pa. 522, 347 A.2d 477 (1975); *Reifschneider v. Reifschneider,* 413 Pa. 342, 196 A.2d 324 (1964); *Stemniski v. Stemniski,* 403 Pa. 38, 169 A.2d 51 (1961). Nor may one spouse appropriate entireties property to the detriment of the other; the only appropriation permitted is one for the mutual benefit of the tenants. *Shapiro v. Shapiro, supra; Berhalter v. Berhalter,* 315 Pa. 225, 173 A.2d 172 (1934). Where one spouse appropriates entireties property to his or her own use and not for the mutual benefit of the tenants, a revocation of the estate may occur, for the appropriation may be construed as an offer of an agreement to destroy the estate, which will be deemed to be accepted where the other spouse sues for partition of the property.

*Shapiro v. Shapiro, supra; Stemniski v. Stemniski, supra; Vento v. Vento,* 256 Pa.Super. 91, 389 A.2d 615 (1978). Furthermore, where there has been an improper appropriation of a single unit of entireties property, all property of the parties held by the entireties is subject to partition, not merely the unit that has been improperly appropriated. *Vento v. Vento, supra.* Thus, in *Vento v. Vento, supra,* where the husband withdrew $9,500 from a joint savings account, did not tell his wife that he had done so, and refused to tell her where the money was or give her any, this court affirmed the chancellor's decree granting the wife's prayer for partition of all the entireties property, including the real estate, even though she was not excluded from the real estate. *See Stemniski v. Stemniski, supra.*

In support of its order sustaining the demurrer, the lower court concluded that the allegation that appellee had changed the locks to the marital home and had refused to give appellee keys was not sufficient to show that appellant had been improperly excluded from the property. The court stated that appellant should have further alleged that she had requested and had been refused permission to enter the home.[1] The court did not discuss appellee's actions with respect to the automobile or the household furnishings.

It is settled that a demurrer should be sustained only where it appears with certainty that upon the facts alleged the law will not permit the plaintiff to recover. *Papieves v. Kelly,* 437 Pa. 373, 381, 263 A.2d 118, 122 (1970); *In re Shapp,* 28 Pa.Cmwlth. 163, 368 A.2d 858 (1977), *aff'd,* 476 Pa. 480, 383 A.2d 201 (1978). All well-pleaded facts, and all inferences that may fairly be deduced from those facts, must be taken as true. *City of Philadelphia v. Penn Plastering Corp.,* 434 Pa. 122, 253 A.2d 247 (1969). All doubts must be resolved in favor of refusing to sustain the demurrer. *Gekas v. Shapp,* 469 Pa. 1, 364 A.2d 691 (1976); *Buchanan v.*

1. Appellant argues that if the court was correct in making this statement, it should have granted her permission to amend her complaint, instead of dismissing it finally. *See Glenn v. Point Park College,* 441 Pa. 474, 483, 272 A.2d 895, 900 (1971). We need not reach this argument.

*Brentwood Fed. Sav. & Loan Ass'n,* 457 Pa. 135, 320 A.2d 117 (1974); *Hoffman v. Misericordia Hospital of Philadelphia,* 439 Pa. 501, 267 A.2d 867 (1970).

■ Taking all the well-pleaded facts as true, and resolving all doubts in appellant's favor, we find that the allegations in Count I of the complaint, that appellee changed the locks to the marital home and refused to give appellant keys, despite her requests, show an appropriation of entireties property sufficient to support an action for partition. The lower court's conclusion that appellant was also required to allege that she had requested and been refused permission to enter the home is incorrect. From the facts that she had requested and been refused keys it is fair to deduce that appellee had improperly excluded her from enjoying the home as a tenant by the entireties.

■ Even if we were to share the doubts of the lower court with respect to Count I, nevertheless, the allegations in Count II, that appellee had repudiated their agreement to sell the automobile and had instead appropriated the automobile to his own use, are sufficient to support an action for partition of the automobile. Therefore, they are sufficient to support an action for partition of all the other properties as well. *See Vento v. Vento, supra.*

Reversed; appellant's complaint is reinstated.