## Daniels v. Daniels

*William F. Ochs, Jr.,* for plaintiff.
*James M. Bucci,* for defendant.

ESHELMAN, *P.J.,* August 26, 1980—Plaintiff has filed preliminary objections to Count I of defendant's new matter-counterclaim. The objections have been briefed and argued and are now before this court for consideration.

The instant action was commenced by plaintiff filing a complaint in equity, seeking partition of real property situate at 1117 Douglass Street, Reading, Berks County, Pa., owned by the parties as tenants by the entireties. Plaintiff avers that the parties are presently married, but that defendant has effectively appropriated the said premises to her own exclusive use and to the deprivation of plaintiff through the use of force, threats and subterfuge.

Defendant has filed an answer to the complaint, and the answer includes "NEW MATTER-COUNTERCLAIM-COUNT I" wherein she avers that plaintiff in 1978 sold an automobile belonging to both parties without defendant's knowledge or consent and without accounting to defendant for her share of the proceeds. Plaintiff has moved to strike the said count I on the basis that it does not conform to matters which may properly be raised as new matter and neither does it conform to matters which may properly be raised as a counterclaim.

Even though the parties are still married, under the case law, the appropriation of entireties property by one spouse to her own use works a revocation of the estate by the fiction that the appropria-

tion is an offer of an agreement to destroy the estate and the starting of a suit by the other party is an acceptance of that offer, and all property held by the entireties is then fit for accounting and partition: Shapiro v. Shapiro, 424 Pa. 120, 224 A. 2d 164 (1966); Vento v. Vento, 256 Pa. Superior Ct. 91, 389 A. 2d 615 (1978).

The instant suit was commenced as an action for partition of real property. Therefore, Pa.R.C.P. 1551 to 1574, pertaining to partition of real property, are applicable. See Tyson v. Tyson, 68 D. & C. 2d 627 (1974).

Pa.R.C.P. 1551 states that, unless otherwise provided, "the procedure in an action for the partition of real estate shall be in accordance with the rules relating to the action in equity." The rules for partition of real property make specific provision for a counterclaim. Pa.R.C.P. 1556 provides: "A defendant may counterclaim for the partition of any or all property which the plaintiff might have included in the complaint."

Only partition causes of action may be asserted as a counterclaim, and defendant may not seek a money judgment or any other form of relief: 10A Anderson, Pa. Civ. Prac. §1556.1. A counterclaim in a partition action is strictly limited to requesting inclusion of additional property subject to partition which the plaintiff might have included in his complaint but did not: 5 Goodrich-Amram 2d §1556:3.

We conclude that defendant's counterclaim is improper. As averred, defendant's request for relief is not in the nature of partition but instead seeks recovery of $5,000, the alleged total proceeds of the automobile sale, plus the difference between the sale price and the automobile's market value. Defendant is actually seeking a recovery of damages for the conversion of personal property and, as

such, the averments are not a proper subject matter for a counterclaim under Rule 1556: Sherman v. Sherman, 13 Centre 203 (1978). The counterclaim must be stricken.

Defendant's labeling the averments as "NEW MATTER-COUNTERCLAIM" is also improper. As incorporated by Rule 1551, Pa.R.C.P. 1510(b) requires that a counterclaim be pleaded as in an equity action. Pa.R.C.P. 1501 provides that "an action in equity shall be in accordance with the rules relating to the action of assumpsit." Under assumpsit rules, Pa.R.C.P. 1030 requires that affirmative defenses be pleaded under the heading "New Matter," and Pa.R.C.P. 1031 requires that if a set-off or cause of action against plaintiff is to be pleaded by defendant, it is to be set forth in the answer under the heading "Counterclaim." New matter and counterclaim must be separately pleaded, each with its own heading: 2 Goodrich-Amram 2d §1031(a):3. Consequently, when a defendant seeks to setoff a sum of money, it is properly pleaded as a counterclaim and not as new matter: Argo Furniture Co., Inc. v. Poch, 70 Berks 220 (1978). On the other hand, a pleading which claims no damages but merely requests judgment for the defendant constitutes new matter: Annie M. Warner Hospital v. Jones, 67 D. & C. 2d 777, 16 Adams 113 (1974); 2 Goodrich-Amram 2d §1030:1.3. In the instant action defendant has impermissibly joined these two concepts under one heading.

Defendant argues that she has complied with the rules of procedure since her prayer for relief includes a request that the court "order and decree that Plaintiff's act of appropriating said automobile constitutes a bar and defense to Plaintiff's prayer

for partition in his Complaint." Factual averments under new matter which raise the issue of wrongful conversion are a proper means by which to plead the affirmative equitable defense of unclean hands to a partition action: Garzone v. Garzone, 8 D. & C. 3d 495 (1978). Normally, Pa.R.C.P. 126 allows a court to disregard any error or defect of procedure which does not affect the substantial rights of the parties. However, defendant's pleading an affirmative defense in the instant action is indistinguishable from her pleading an improper counterclaim.

Therefore, the motion to strike count I of the new matter-counterclaim must be granted, but defendant may file an amended answer.

## ORDER

And now, August 26, 1980, it is ordered that plaintiff's preliminary objections in the nature of a motion to strike defendant's "NEW MATTER-COUNTERCLAIM-COUNT I" be granted, provided that defendant is allowed 20 days to file an amended answer.