430 A.2d 1193

**Henry C. LIVINGSTON, Jr., Appellant,**

v.

**Grace E. LIVINGSTON.**

Superior Court of Pennsylvania.

Argued Feb. 11, 1981.

Filed June 12, 1981.

Petition for Allowance of Appeal Denied Dec. 3, 1981.

24

Donald J. McCue, Connellsville, for appellant.

David W. Pickens, Uniontown, for appellee.

Before BROSKY, DiSALLE and SHERTZ, JJ.

BROSKY, Judge:

Henry C. Livingston, Jr. has appealed from the lower court's decision that he is not entitled to partition of all entireties property. The central issue for our determination is whether appellee wrongfully appropriated jointly held assets to the detriment of appellant, constituting a revocation of the estate of tenancy by the entireties, thereby subjecting all entireties property to partition at this time. The court below decided that appellee had used entireties property to support herself and to pay certain of her husband's debts and had not wrongfully appropriated jointly held assets. On this basis, it held that a partition was not appropriate and should not be granted. We reverse.

Appellant's chief contention is that his wife wrongfully appropriated entireties property to his detriment. Such appropriation, he asserts, constitutes a revocation of the tenancy by the entireties and as such, is an offer to destroy the estate, which offer he has accepted by his bringing this action for partition.

The parties were married June 8, 1941 and lived together as husband and wife until the end of May, 1978 when appellant left the marital residence. At the time of his leaving, the parties owned the following property by the entireties: a $20,000 certificate of deposit; two savings accounts with Greensburg Savings & Loan having respective balances of $2,129.93 and $996.79; a building fund with Gallatin National Bank in the amount of $132.40; a checking account with Gallatin National Bank in the amount of $213.38; as well as various items of personal property including appliances, furniture and insurance policies. In addition, there was a $40,000 certificate of deposit titled in Mr. Livingston's name.

During the entire course of the marriage, appellee had been supported by appellant and at no time was appellee employed or self-supporting. At the time of their separation, Mr. and Mrs. Livingston had been using for their support the proceeds from a personal injury settlement received by Mr. Livingston in 1970, as well as Mr. Livingston's pension in the amount of $115,000. At the time of his leaving, appellant did not indicate to his wife whether he would continue to support her, although appellee testified that he told her when he left that she could live on the monies contained in the joint bank accounts.

After the appellant left the marital residence, he did not send appellee any funds for her support. In October of 1978, an order of support was entered which called for him to pay the sum of $385 monthly for appellee's support.[1] Appellee testified that her husband did not make a payment on the support order until February, 1979, which allegation was not refuted by appellant.[2]

Beginning in June, 1978, appellee began using the parties' jointly held assets. Without informing her husband, she obtained a safe deposit box in her own name with her daughter's name as deputy, into which she put the passbooks pertaining to the Gallatin Bank building fund and the Gallatin Bank checking account and the two certificates of deposit. She had both the Greensburg Savings & Loan savings account in the amount of $2,129.93 and the checking account with Gallatin National Bank in the amount of $213.38 changed over to her name. Appellee also removed from the marital residence several insurance policies and placed them at her daughter's residence.

1. Appellant was ordered to pay the sum of $90 bi-monthly and to execute the proper forms in order for appellant to receive the sum of $205 monthly from the interest earned by the parties' certificates of deposit.

 On October 24, 1979, a second support order was entered requiring appellant to pay the sum of $350 per month for appellee's support.

2. The October 24, 1979 order stated that for the period from October 21, 1978 to October 1, 1979, appellant should have paid the sum of $5,005 and that to date he had paid $2,684.

At the time of the first hearing held in the court below before the Honorable Conrad Capuzzi on August 30, 1978, Mrs. Livingston testified that for the months of June and July, 1978, she had supported herself from the funds contained in the Greensburg Savings & Loan savings account which at the time of appellant's leaving contained the sum of $996.79. She testified that she had used over $600 of that account by August, 1978. When asked whether she had made any withdrawals from the account containing $2,129.93, she stated that she had not; however, at the September 6, 1979 hearing before Judge Cicchetti, she testified that she had since spent all of the $2,129.93 for living expenses. Mrs. Livingston also testified at the first hearing that she had used some of the funds contained in the Gallatin National Bank checking account for living expenses. Therefore, as of August, 1978, appellee had done the following with respect to the parties jointly held assets: put two accounts totaling $2,343.31 into her own name; used the proceeds of three of the joint accounts for living expenses; and obtained a safe deposit box into which she placed the checking and savings account and building fund passbooks and the two certificates of deposit.

In 1978, our court decided, 275 Pa.Super. 285, 418 A.2d 724, with respect to a prior action filed by appellant demanding an accounting and return of the certificates of deposit, that the $40,000 certificate titled in appellant's name should be returned to him. The lower court had previously ordered appellee to account for the appropriate bank accounts and to divide the jointly owned $20,000 certificate. As a result of its order, appellant received a one-half interest in that certificate, and the sum of $1,600 from appellee representing his share of the jointly held funds appropriated by appellee.

As of the September, 1979 hearing, therefore, appellee still had the use of one-half of the $20,000 certificate of deposit and the bank accounts of which she had depleted all of the Greensburg Savings & Loan savings account containing $2,129.93, all of the Greensburg Savings & Loan savings account containing $966.79, and some of the Gallatin Nation-

al Bank checking account containing $213.38. Remaining was a portion of that checking account, a portion of the Gallatin National Bank building fund containing $132.40, and one-half of the $20,000 certificate of deposit and the interest accumulated thereon from the time of appellant's leaving in June, 1978. At the hearing, Mrs. Livingston accounted for $3,295.05 [3] of the assets she had appropriated which, excluding the $40,000 certificate of deposit, amounted to $23,472.50.

Generally, entireties property cannot be partitioned prior to divorce. *Gray v. Gray*, 275 Pa.Super. 131, 418 A.2d 646 (1980). There is an exception, however, where one spouse appropriates entireties property to his or her own use to the detriment of the other, since the only appropriation permitted is one made in good faith for the mutual benefit of the tenants. *Gray v. Gray*, supra, 275 Pa.Super. at 133, 418 A.2d at 648; *Shapiro v. Shapiro*, 424 Pa. 120, 224 A.2d 164 (1966). As we stated in *Gray v. Gray*, supra, 275 Pa.Super. at 133, 418 A.2d at 648:

> Where one spouse appropriates entireties property to his or her own use and not for the mutual benefit of the tenants, a revocation of the estate may occur, for the appropriation may be construed as an offer of an agreement to destroy the estate, which will be deemed to be accepted where the other spouse sues for partition of the property.

Since the decision of the lower court was affirmed by the Superior Court en banc, it must be accorded the weight of a jury verdict. *Reifschneider v. Reifschneider*, 413 Pa. 342, 196 A.2d 324 (1964); *Vento v. Vento*, 256 Pa.Super. 91, 389 A.2d 615 (1978). Our appellate review in the instant case is therefore limited to a determination of whether the lower court's decision is supported by sufficient evidence and

**3.** Counsel for appellee provided the court with itemized lists of expenses paid by appellee for the months of June, July, August, September and part of October, 1978, totaling $3,295.05.

whether the court committed an error of law. *Reifschneider v. Reifschneider,* supra, 413 Pa. at 344, 196 A.2d at 325.

Applying the law with respect to when partition may properly be granted, we hold that the lower court's decision was in error. The court found that although Mrs. Livingston had appropriated monies from the joint bank accounts, these monies were used in part to support herself, stating that: "she had an equal right to the property for her support." The court concluded that "the appropriation cannot be termed wrongful."

■ There is no question that appellee appropriated entireties property here, in the form of the bank accounts and certificates of deposit. The test is whether the appropriation was of mutual benefit to the parties or whether it was to the wrongful exclusion of the non-appropriating party. *Damirgian v. Damirgian,* 262 Pa.Super. 463, 396 A.2d 1263 (1978).

Appellee testified that she had used the funds to pay living expenses and debts of her husband, and produced a list of expenditures made by her for the months of June, July, August, September and part of October, 1978. Assuming *arguendo* that all of these expenditures were bona fide, the fact remains that they total only $3,295.05 whereas the assets appropriated by appellee total $63,472.50. Even though the $40,000 certificate of deposit was titled in her husband's name and was not used by appellee, the fact remains that she appropriated it to the wrongful exclusion of appellant.

Without appellant's knowledge or consent, she changed two joint bank accounts to her own name, placed certain of the bank books plus the two certificates of deposit into a safe deposit box and placed the parties' insurance policies with their daughter. Even if appellant had been apprised of the fact that his wife had obtained the safe deposit box in question, he still would not have had access to its contents,

since access was limited to appellee and the daughter. It is well established in Pennsylvania that:

> Where both husband and wife have the power to withdraw funds deposited in a joint account, the power must be exercised *in good faith* for the mutual benefit of both, and cannot be rightly exercised by the fraudulent withdrawal of the corpus of the funds for the exclusive use of one for the purpose of depriving the other of any use thereof or title thereto.

*Damirgian v. Damirgian*, supra, 262 Pa.Super. at 467, 396 A.2d at 1266 [emphasis added] quoting *Berhalter v. Berhalter*, 315 Pa. 225, 228, 173 A. 172, 173 (1934).

In *Vento v. Vento*, supra, appellant-husband withdrew $9,500 from a joint bank account without the knowledge or consent of his wife, then hid the money in his house for approximately two years, and did not give any of it to his wife. We affirmed the chancellor's decree granting the wife's prayer for partition of all entireties property on the ground that appellant had wrongfully appropriated the money to his own use and had excluded appellee from the use and enjoyment of that property. Similarly, in *Stemniski v. Stemniski*, 403 Pa. 38, 169 A.2d 51 (1961), we upheld the chancellor's order for partition where appellant-husband redeemed joint savings bonds, placed the proceeds in a safe deposit box bearing his name only, and thereafter withdrew funds from three joint bank accounts and opened savings accounts in his name only using the funds from those accounts and also the proceeds from the savings bonds, all without his wife's consent. We held that he had acted in bad faith in redeeming the bonds and withdrawing the funds from the joint accounts and placing them in his name only, to the exclusion of his wife.

Wrongful appropriation of entireties property was also found to exist in *Gray v. Gray*, supra, in which appellee-husband had changed the locks to the marital residence and refused to give his wife keys despite her requests. We held that appellee had improperly excluded his wife from enjoy-

ing the marital home as a tenant by the entireties.  See also *Damirgian v. Damirgian,* supra.

■ Applying the existing case law to the facts of this case, we hold that appellee's conduct here amounted to wrongful appropriation.  Appellee's action of withdrawing joint funds and placing them out of appellant's reach, without his knowledge or consent was in bad faith, and to appellant's detriment.  While there is no dispute that she used some of the money for the necessaries of life and some for the preservation of the marital estate; she failed to account for some $20,000 of the total funds appropriated by her.  The list of expenditures submitted to the court is far from exhaustive, and, in addition, contains certain items, such as magazine subscriptions, gifts and cosmetics, which do not fall into the category of "necessaries of life."  Nor does it appear from the record that appellee possessed receipts for many of the claimed expenditures, such as the monthly $60 sum allegedly paid to her daughter to defray the cost of transporting appellee about town.  Without proper receipts, many of the expenditures listed cannot be verified.

Since we find that appellee wrongfully appropriated entireties property to the detriment of appellant, we hold that the lower court committed an error of law in finding to the contrary.

If, in reaching a conclusion, the law is overridden or misapplied or the judgment exercised is manifestly unreasonably as shown by the evidence or the record, discretion is then abused and it is the duty of the appellate court to correct the error.

*Commonwealth v. One 1961 Buick Special 4–Door Sedan,* 204 Pa.Super. 293, 295, 204 A.2d 288, 289 (1964).

Accordingly, the order of the court below is reversed and remanded for a partition proceeding at which all property of the parties held by the entireties shall be partitioned.

Order reversed and remanded.