## Daniels v. Daniels

*William F. Ochs, Jr.,* for plaintiff.
*James M. Bucci,* for defendant.

SAYLOR, *J.,* June 16, 1981—We are faced with a petition to consolidate an equity action for partition with an action under the new Divorce Code.[1] While the propriety of consolidation is not a difficult question, the ramifications of issues raises therein are perplexing. Defendant's petition raised questions that we believe must be resolved in order to ensure our determination results in justice between the parties. We must determine whether a claim for

[1]. Act of April 2, 1980, P.L. 63, 23 P.S. § 101 et seq. The Divorce Code became effective on July 1, 1980.

equitable distribution preempts an action in equity for partition and whether partition operates to defeat the other spouse's rights under the Divorce Code.

Plaintiff and defendant are, respectively, husband and wife, having been married on August 30, 1969. The parties, as tenants by the entireties, purchased a home located on Douglass Street in Reading, Berks County, Pa., on September 17, 1969. Plaintiff and defendant shared the home as husband and wife until, apparently, the onset of marital discord in recent years.

On February 25, 1980 plaintiff/husband filed an action in equity for partition of the Douglass Street residence on the grounds that defendant/wife had wrongfully appropriated the property to her exclusive use and control. On January 6, 1981 plaintiff filed an action for divorce pursuant to section 201(c) or (d) of the Divorce Code.[2] Defendant filed an answer and new matter in the divorce action requesting alimony and equitable distribution of the marital property, including the Douglass Street residence which is the subject of the partition action. Then, on February 18, 1981, defendant filed a petition to consolidate the divorce action with the partition action for the reason that the parties' interest in the residence is governed by the Divorce Code on the grounds that the divorce action supersedes the equity action.

---

2. Section 201(c) of the Divorce Code provides that a divorce may be granted where the marriage is irretrievably broken and 90 days have elapsed from the date of the filing of the complaint and an affidavit has been filed evidencing that each of the parties consents to the divorce: 23 P.S. §201(c).

Section 201(d) provides in pertinent part that a divorce may be granted where the parties have lived separate and apart for a period of at least three years and that the marriage is irretrievably broken: 23 P.S. §201(d).

We are of the opinion that consolidation is not proper. Pa.R.C.P. 213(a) states under what circumstances different actions may be consolidated:

"When actions involving a common question of law or fact are pending before the court, the court on its own motion or on motion of any party may order a joint hearing or trial of any or all the matters in issue in the actions, may order all of the actions consolidated, and may make such orders concerning proceedings therein as may avoid unnecessary costs or delay."

The effect of consolidation is that only one of the actions retains its identity and the others are absorbed by it: 1 Goodrich-Amram 2d §213(a):(1).

Certainly the parties are the same between the two actions. Whether common questions of law or fact exist is another matter. Partition of real estate may be ordered where husband and wife are separated but not divorced and where one of them is excluded from the exercise or enjoyment of rights inherent in an estate held by the entireties: Shapiro v. Shapiro, 424 Pa. 120, 224 A. 2d 164 (1966), overruled on other grounds, Butler v. Butler, 464 Pa. 522, 347 A. 2d 477 (1975); Gray v. Gray, 275 Pa. Superior Ct. 131, 418 A. 2d 646 (1980); Vento v. Vento, 256 Pa. Superior Ct. 91, 389 A. 2d 615 (1978). The wrongful appropriation of entireties property by one spouse to his or her own use works a revocation of the estate by the fiction that the appropriation is an offer of an agreement to destroy the estate and the commencement of the partition action by the excluded party is an acceptance of that offer, and all property held by the entireties is then fit for an accounting and partition: Shapiro v. Shapiro, supra; Gray v. Gray, supra; Vento v. Vento, supra. Upon partition, the estate is transposed into

a tenancy in common and the property or proceeds is divided equally between the parties regardless of contribution: Shoup v. Shoup, 469 Pa. 165, 364 A. 2d 1319 (1976). Thus, the parties need not be divorced to effect a partition and the central issue is whether a wrongful appropriation by one spouse has occurred.

Under the Divorce Code, the court has jurisdiction to determine in conjunction with any decree granting a divorce the disposition of property rights and interests between the parties, including partition of property held as tenants by the entireties: 23 P.S. §301(a)(1). In a proceeding for divorce, upon request of either party, the court must equitably distribute the marital property between the parties without regard to marital misconduct and in such proportions the court deems just after considering all relevant factors: 23 P.S. §401(d). Subject to certain exceptions, marital property means all property acquired by either party during the marriage: 23 P.S. §401(e). Thus, wrongful appropriation would not be a relevant factor under divorce proceedings, distribution need not be equal, and the distribution must be associated with the decree in divorce.

We are unable to find common questions of law and fact associated with these two actions and therefore find consolidation would not be proper. We are hesitant, however, to wholly dismiss defendant's argument since we are bothered by the potentially conflicting results that may occur if both the partition action and the claim for equitable distribution proceed—if the partition action reaches final disposition prior to any equitable distribution, and assuming partition is granted, will plaintiff have defeated his spouse's rights under the Divorce Code in some manner? We are faced with

the situation where the result of the actions, disposition of the same item of property, may conflict.

We conclude, contrary to what defendant argues, that partition is neither preempted by equitable distribution nor does partition serve to defeat defendant's rights under the Divorce Code.

We outlined the different circumstances associated with an action in equity for partition based on wrongful appropriation prior to divorce and equitable distribution under the Divorce Code in our discussion of the propriety of consolidation. The two actions are designed to protect two different types of interests. Partition remedies a wrongful appropriation by one spouse of entireties property and equitable distribution seeks a dispersal of property acquired during marriage in proportions that are just under the circumstances. Statutory partition of entireties property occurs upon the grant of any divorce.[3] Facts giving rise to a partition for wrongful appropriation, however, will not necessarily exist under a divorce action, nor is a divorce action essential to an action for partition for wrongful appropriation. We are unconvinced that a claim for equitable distribution is adequate to protect the rights that an action for partition for wrongful appropriation is intended to protect. The partition action of the type brought here must fall only if it impermissibly defeats rights granted under the Divorce Code.

Contrary to the claims of defendant, our reading of the law leads us to conclude that even if partition results, the remaining estate will still be available for equitable distribution. A transposition of the estate from a tenancy by the entireties to a tenancy

3. See Act of May 17, 1949, P.L. 1394, sec. 1, as amended, 68 P.S. §501.

in common by an equity court's fait accompli in granting the partition decree will not result in a removal of the residence as an item of marital property. This is so because the residence is still property acquired during the marriage.[4] The Divorce Code provides that all property, whether real or personal acquired by either party during the marriage, is presumed to be marital property regardless of whether it is held individually or by the parties in some form of co-ownership, such as joint tenancy, *tenancy in common or tenancy by the entireties*: 23 P.S. §401(f). Thus, the mere act of partition affects no rights under the Divorce Code.

But as a tenant in common, what if one spouse conveys, transfers or otherwise encumbers his or her interest in a property such that when and if the time for equitable distribution arrives, that spouse's interest is not practicably available for distribution? Tenants in common hold undivided fractional interests in the real property and each owner holds the whole of his undivided interest. Therefore, each tenant in common may convey, encumber or devise his undivided interest: 1 Ladner, Conveyancing in Pennsylvania § 1.07 (4th ed.). The effect of partition, while not altering the property status as marital property, may result in its removal from property available for distribution.

This danger is not an insurmountable problem, however, and we do not think equity need act to protect the parties' interest under the pending claim for equitable distribution. The Divorce Code itself provides sufficient protection of the parties' interest. Section 403(a) states:

---

4. Exempted from the definition of marital property is property acquired after separation until the date of divorce: 23 P.S. §401(e)(4). Partition would not confer on the property the status of having been acquired after separation.

"Where it appears to the court that a party is about to remove himself or herself or his or her property from the jurisdiction of the court or is about to dispose of, alienate, or encumber property in order to defeat alimony pendente lite, alimony, child and spousal support, or similar award, an injunction may issue to prevent such removal or disposition and such property may be attached as provided by the Rules of Civil Procedure. The court may also issue a writ of ne exeat to preclude such removal."

Further, any encumbrance or disposition of property to third persons who had notice of the pendency of the matrimonial action may be deemed fraudulent and declared null and void: 23 P.S. § 403(d). A simple act of recordation will operate to effectuate this section. Under either or both of these sections the parties will be able to protect their respective interests in the property should partition occur and no rights granted under the Divorce Code will be unnecessarily jeopardized.

The conclusion we reach, that the partition action is not preempted by the Divorce Code, that even if partition results the property is still subject to equitable distribution and that under the Divorce Code the parties may act to preserve their interest in the property may seem as if we allow an action to proceed to a futile end—the Divorce Code will still control the disposition of the property. It may be, however, that upon partition, assuming partition results, neither party will desire to await or go forward with equitable distribution and will be satisfied with an equal interest in the property. We cannot assume otherwise. Moreover, we cannot countenance or give license to the wrongful appropriation of entireties property and therefore

conclude the integrity of a partition action for wrongful appropriation must be maintained. Where a party wrongfully appropriates the interests of their spouse in property, they must be prepared to accept potential incursions on their rights to equitable distribution under the Divorce Code. Accordingly, we enter the following

## ORDER

June 16, 1981, upon consideration of defendant's petition to consolidate and the foregoing opinion, said petition is denied and the partition action may proceed.