## Strock v. Strock

*Richard J. Shiroff,* for plaintiff.
*Richard E. Santee,* for defendant.

GRIFO, *J.,* March 3, 1982 — This court has before it defendant, Chester E. Strock's preliminary objection in the nature of a motion to dismiss. Specifically, defendant raises the defense of pendency of a prior action pursuant to Pa.R.C.P. 1017(b)(5). For the reasons discussed herein, defendant's preliminary objection is sustained.

A divorce action between the same parties was filed by plaintiff, Elizabeth Strock, before this court in March of 1980. As part of said action, plaintiff requested equitable distribution of the marital property pursuant to §401 of the Divorce Code, Act of April 2, 1980, P.L. 63, 23 Pa.C.S.A. 401. Subsequently, in September of 1981, plaintiff filed this action in partition.

The question which this court must determine is whether this partition action is precluded by a pending divorce action in which equitable distribution has been requested. We believe that it is, and that the instant action should be dismissed.

Initially, we must comment that this particular issue has not yet been addressed by our appellate courts, and so we are guided by our own impressions and several recent opinions handed down by other common pleas courts.

Partition is an equitable procedure which attempts to remedy the wrongful appropriation by one spouse of entireties property. When one spouse

wrongfully appropriates entireties property to his or her use, and to the exclusion of the other, a legal fiction transpires which works a revocation of the estate. That is to say, the appropriation is considered to be an offer of an agreement to destroy the estate, and an acceptance occurs when the other spouse commences suit: Vento v. Vento, 256 Pa. Superior Ct. 91, 389 A. 2d 615 (1978). "Furthermore, all property of the parties held by the entireties is affected, not merely the unit that has been misappropriated." Stemniski v. Stemniski, 403 Pa. 38, 42, 169 A. 2d 51, 53 (1961).

Equitable distribution on the other hand attempts to distribute all property acquired during the marriage in proportions which are fair and just. Section 401(f) of the Divorce Code provides that "All property, whether real or personal, acquired by either party during the marriage is presumed to be marital property regardless of whether it is held individually or by the parties in some form of co-ownership. . . . "

In Daniels v. Daniels, 19 D. & C. 3d 36, 41 (1981), the court held that a partition action is not preempted by the Divorce Code. The court said, "[T]he mere act of partition affects no rights under the Divorce Code." The court reasoned that the effect of partition would not alter the status of marital property for equitable distribution purposes. We think that such a result would only create more problems since there is no foolproof way of preventing the party from disposing of the property prior to equitable distribution. While it is true that §403(a)*

---

*(a) Where it appears to the court that a party is about to remove himself, or his or her property, from the jurisdiction of the court, or is about to dispose of, alienate, or encumber property in order to defeat alimony pendente lite, alimony, child and

does provide some protection against disposing of marital property prior to distribution, we think that allowing such an action to proceed would defeat the legislative purpose and intent of the Divorce Code.

We find support for our position in the case of Sadawski v. Sadawski, 44 Fay. L.J. 40, 41 (1981). The issue there was identical to that of this court. Judge Adams made the following comment:

"It is apparent that property which might be divided equally in an action for partition may very well be distributed otherwise by a court effecting an equitable distribution of the same property under the Divorce Code. We believe that where, as here, a party has filed for divorce and has requested equitable distribution, that party cannot at the same time attempt to have the property divided in a separate action in partition. Our legislature has in the Divorce Code established the factors which it believes should provide the basis for determining how marital property shall be distributed among divorcing spouses. We believe that to allow one of the parties to proceed with a partition action in these circumstances would frustrate the objectives of our legislators by allowing the imposition of entirely different criteria in determining how certain items of marital property will be distributed."

Additional authority supporting defendant's motion is found in the case of Pietsch v. Pietsch,

---

spousal support, or similar award, an injunction may issue to prevent such removal or disposition and such property may be attached as provided by the Rules of Civil Procedure. The court may also issue a writ of ne exeat to preclude such removal.

(d) Any encumbrance or disposition of property to third persons who had notice of the pendency of the matrimonial action, or who paid wholly inadequate consideration for such property, may be deemed fraudulent and declared null and void.

Equity Docket no. 21, p. 150 (J. Bucher of the Court of Common Pleas of Lancaster Co., filed July 1, 1981). There, the court sustained defendant's motion to stay the partition action pending the equitable distribution of the marital property pursuant to the Divorce Code. The court reasoned that plaintiff had brought himself within the provisions of the Divorce Code by filing his complaint in divorce, and that any subsequent partition action was superseded by the equitable distribution provisions of the code.

Finally, in the case of Ferri v. Ferri, C.P.F.D. Allegheny Co., Fd-81-05124 (J. Kaplan of the Court of Common Pleas of Allegheny Co., filed Sept. 1, 1981), the court concluded that the legislative history of the Divorce Code reveals that the provisions made for marital property are the bedrock upon which the New Divorce Code was built. Indeed, the court said at page 7 and 8:

"Therefore, particularly in cases such as that herein, where a divorce action has been filed, with the ancillary claims for equitable distribution and alimony, this court will not entertain actions whose only function will be a temporary redistribution of one or more portions of the parties' marital property which would eventually be subject to redistribution anyway under §401 and §501 of the Code."

Section 102(a)(6) of the Divorce Code provides that it is the legislative intent to effectuate economic justice between the parties who are divorced or separated, to insure a just and fair determination and settlement of the property rights. In light of the above, we believe that plaintiff's action in partition is superseded by the equitable distribution provisions of the Divorce Code.

Wherefore, we enter the following

## ORDER

And now, March 3, 1982, defendant's preliminary objections in the nature of a motion to dismiss plaintiff's complaint in partition is sustained.