# Witt v. Witt

*Karen J. Pholeric,* for plaintiff.
*Gordon M. Mair,* for defendant.

WRIGHT, *J.,* April 18, 1985—Following the filing of exceptions to the report of the special master, the court heard testimony and concluded that while the facts are not in dispute they do raise novel issues.

In May of 1979, plaintiff (husband) filed this action in divorce. In September of 1980, this court permitted defendant (wife) to proceed under the terms of the new divorce code.

Husband and wife were married for 20 years. Neither party had been previously married. Both husband and wife are in their late 40s and in good health.

Four children were born of this marriage, all of whom reside with wife. The younger two children are high school students and the older two children are college students. Husband contributes $265 per week for their support.

During the marriage, wife maintained the household and cared for the children while husband worked and earned his master's degree in engineering. Wife, a high school graduate, is a supervisor at American Tele-Response, Inc. She earns approxi-

mately $528 gross bi-weekly and $412 net bi-weekly. In addition, wife has medical insurance. Wife lives with the four children in a three-bedroom apartment. She pays $450 per month rent plus utilities.

Husband holds a managerial position with Scott Paper. His current annual income is $70,700. However, 5 percent of that amount is deferred so that his actual in-pocket income is $67,150. In 1984, husband remarried. His current wife is employed.

Since the parties' separation in 1979, husband has acquired greater assets than wife. It appears that husband in the future will have a greater opportunity for acquisition of future assets.

The standard of living during the marriage was average-above average. The parties resided in a $100,000 home with a swimming pool. All of the children attended and continue to attend the parochial school system.

Wife, in October of 1979, instituted a partition action in Chester County. The marital home was the principal asset of that action. In that action, the court by agreement of the parties directed that the real and personal property titled as tenants by the entireties be partitioned. Thereafter, the real estate was sold and the proceeds were directed by order of the court dated February 9, 1982, to be divided equally. Wife, who had instituted the partition action, then obtained an order in the divorce action filed by husband that prevented distribution pending further order of court except as to $15,000 distributed to each party.

Husband contends that the partioned property is not marital property and he cites 23 Pa.C.S. §401(e)(2) for the proposition that marital property does not include "(2) property excluded by valid

agreement of the parties entered into before, during or after the marriage."

In addition to the statutory provisions, inter alia, we found the following to be useful aids in deciding this issue: Daniels v. Daniels, slip opinion Bucks County, Pa. dated June 16, 1981; Bacchetta v. Bacchetta, 498 Pa. 227, 445 A.2d 1194 (1982); Ferri v. Ferri, slip opinion, Allegheny County, Pa. dated September 1, 1981; Smith v. Smith, N.J., 371 A.2d 1; Carlson v. Carlson, N.J., 371 A.2d 8.

In Daniels, Judge Saylor had to consider both partition and equitable distribution. He said:

"Certainly the parties are the same between the two actions. Whether common questions of law or fact exist is another matter. Partition of real estate may be ordered where husband and wife are separated but not divorced and where one of them is excluded from the exercise or enjoyment of rights inherent in an estate held by the entireties. Shapiro v. Shapiro, 424 Pa. 120, 224 A.2d 164 (1966), overruled on other grounds; Butler v. Butler, 464 Pa. 522, 347 A.2d 477 (1975); Gray v. Gray, 275 Pa. Super. 131, 418 A.2d 646 (1980); Vento v. Vento, 256 Pa. Super. 91, 389 A.2d 615 (1978). The wrongful appropriation of entireties' property by one spouse to his or her own use works a revocation of the estate by the fiction that the appropriation is an offer of an agreement to destroy the estate and the commencement of the partition action by the excluded party is an acceptance of that offer, and all property held by the entireties is then fit for an accounting and partition. Shapiro v. Shapiro, supra; Gray v. Gray, supra; Vento v. Vento, supra. Upon partition, the estate is transposed into a tenancy in common and the property or proceeds is divided equally between the parties regardless of contribution. Shoup v. Shoup, 469

Pa. 165, 364 A.2d 1319 (1976). Thus, the parties need not be divorced to effect a partition and the central issue is whether a wrongful appropriation by one spouse has occurred."

Judge Saylor further said:

"We are unable to find common questions of law and fact associated with these two actions and therefore find consolidation would not be proper. We are hesitant, however, to wholly dismiss defendant's argument since we are bothered by the potentially conflicting results that may occur if both partition action and the claim for equitable distribution proceed—if the partition action reaches final disposition prior to any equitable distribution and assuming partition is granted, will plaintiff have defeated his spouse's rights under the divorce code in some manner? We are faced with the situation where the result of the actions, disposition of the same item of property, may conflict.

"We conclude, contrary to what defendant argues, that partition is neither preempted by equitable distribution nor does partition serve to defeat defendant's rights under the divorce code."

In conclusion Judge Saylor said:

"Contrary to the claims of defendant, our reading of the law leads us to conclude that even if partition results, the remaining estate will still be available for equitable distribution. A transportation of the estate from a tenancy by the entireties to a tenancy in common by an equity court's fait accompli in granting the partition decree will not result in a removal of the residence as a item of marital property. This is so because the residence is still property acquired during the marriage. The divorce code provides that all property, whether real or personal, acquired by either party during the marriage, is

presumed to be marital property regardless of whether it is held individually or by the parties in some form of co-ownership, such as joint tenancy, *tenancy in common or tenancy by the entireties.* 23 Pa.C.S. §402(f). Thus, the mere act of partition affects no rights under the divorce code."

In Smith, the New Jersey court held that a separation agreement would affect marital property only if it qualified as a property settlement agreement and was fair and equitable.

Although we find that the parties entered into a valid agreement during marriage we cannot conclude that such agreement excluding property within the meaning of §401(e)(2). Nothing in the record supports the proposition that the parties agreed that the proceeds were to be non-marital property and, further, Judge Marrone specifically stated: "This court is not concerned with any equitable interest which might flow from their divorce action that either of these might have in the proceeds of the sale of the realty which was the subject of the partition action in this county." See memorandum opinion of Judge Marrone dated February 9, 1982, no. 178 Equity term 1979, wherein Catherine E. Witt was plaintiff and John T. Witt, defendant.

On the contrary, we conclude that the partition action and any agreement following therefrom did not exclude any property from "marital property."

Since the burden of proving that property is non-marital is on the person relying upon the exclusion, we find that plaintiff has not met his burden. We further find that mere partition as such is not equivalent to an agreement excluding the partitioned property as marital property.

Following the sale of the property and receipt of the proceeds, the funds did not earn interest for a period of time since the parties could not agree to the placement of those proceeds pending judicial resolution of their disagreement. Wife had requested the funds be invested in a money market account while husband demanded distribution be made. Wife now contends that the interest that would have been earned is marital property subject to equitable distribution. We disagree for these reasons: There was no agreement to invest the funds nor was there any duty to do so. In the absence of either, we cannot now create marital property where none exists. If anything, there was then existing a legal obligation to distribute the proceeds as recognized by subsequent order of the partition court. Thus, husband was then entitled to distribution and we will not penalize him for his behavior. If there is any lost interest, both parties will have to share the loss. Any other decision rewards the "machinations" condemned by Judge Marrone and would be unjust and improper. The interest earned on the account from January 26, 1982 is non-marital property.

Shortly after the parties were married in September of 1961, husband began his employment with Scott Paper Company. At the time of separation on November 8, 1978, husband was fully vested in a defined benefit pension plan. In accordance with King v. King, 332 Pa. Super. 526, 481 A.2d 913 (1984), we hold that such portion of the pension attributable to the period commencing with the marriage and ending on the date of separation is marital property. This is clearly the intent of the statute. We further hold that the plan is to be valued as of the date of the special master's hearing according to the valuation formula set forth in the case of Kalinowski

v. Kalinowski and implicitedly approved in King v. King, supra, which cited with approval the computation of present value by Troyan in "Pension Evaluation and Equitable Distribution," 10 Family Law Reporter 4, Monograph no. 1, November 2, 1983. We agree that the calculations submitted by husband properly reflect this approach and find the value of the pension plan is $6,192.42. We note the Troyan had also authored an article entitled "Valuing Pensions: Total Offset Method Is Inappropriate" 2 E.D.R. 138 (1982). We find his reasoning persuasive.

The findings of fact made by the special master as to alimony are not disputed and we adopt these findings and incorporate them herein by reference although we do not agree with the amount of alimony recommended by him.

The Divorce Code §401(d) sets out some guidelines for determining how or in what percentages distribution should be made. Some of the guidelines are the length of the marriage, number of prior marriages (because of prior marriages either party may have preexisting obligations), age, health, sources of income, employability, vocational skills, estate, liabilities and needs of the parties, contribution to education and training of the other party, opportunity for future acquisition of capitol assets and income, sources of income, contribution of a party as a homemaker, standard of living during marriage, economic circumstances of each party at time division is to become effective, etc.

Based on the findings we believe that the evidence presented does require a greater distribution of marital property to the wife as well as the payment of alimony and costs to wife by husband.

Based upon our prior conclusions we find the following assets to be marital property:

1. Proceeds of sale of real estate    $74,307.22
2. 614 Shares Scott Paper common
   stock                      10,591.50
3. Defined benefit pension plan     6,192.40.
4. Cash value of Common Life
   & Prudential Life policies         5,500.00

    Total marital assets            $96,591.12

By way of review, we have specifically found that the lost interest and the interest earned on the proceeds of the real estate to be non-marital property for the reasons set forth in this opinion. Furthermore, both assets were "acquired" after the separation of the parties, and as to each asset we specifically found there was no agreement to treat them as marital assets. Therefore, these assets are to be divided equally in accordance with the case law as to tenants in common. By way of further review $40,591.50 of the marital assets have been distributed to the parties in two equal shares of $20,295.75 representing the advance of $15,000 each and an equal split of Scott Paper stock.

In considering the guidelines and based upon the economic disparity between the parties, the higher standard of living wife formerly enjoyed, the sources of income of both parties and the opportunity of each for future acquisitions wife is entitled to a significantly greater share of the marital asset.

We therefore conclude distribution of the marital assets should be as follows:

1. Cash proceeds of sale of real estate —
   To wife ................. $59,307.22
   To husband .............. 15,000.00
2. Scott Paper stock —
   To wife ................. 5,925.00
   To husband .............. 5,925.00

3. Defined Benefit Pension Plan —
   To husband . . . . . . . . . . . . : . . . .    6,192.00
4. Cash value of insurance policies —
   To husband . . . . . . . . . . . . .    5,500.00

In summary we are distributing $64,602.97 of the marital assets to wife. This represents 66.88 percent of the total marital assets or approximately two-thirds of the marital property.

For the same reasons we have distributed the marital assets, we now direct that husband pay the fee of the special master and the notes of testimony of the hearing before the special master. It is our intention to treat the fee of the special master as costs and award costs to the successful party on appeal to the extent such a decision is logical and just. Considering the amount of costs we are awarding wife we should not order husband to pay her counsel fees.

For the same reasons we divided marital assets disproportionately we direct that husband shall pay rehabilitative alimony to wife in the amount of $50 per week for two years.

There being a lack of proof as to any other personal property, we find the party in possession of the personal property to be the party entitled to retain possession as owner. We therefore enter the following

ORDER

And now, this April 18, 1985, it is hereby ordered and decreed:

1. Husband is to receive full benefit in his pension at Scott Paper Company valued at $6,192.40. Wife is to have no interest in the pension.

2. The Crown Life and Prudential Insurance policies valued at $5,500 are awarded to husband. Wife is to have no right or interest in the policies.

3. Husband and Wife are awarded an equal number of the Scott Paper Company shares of stock, which appears to have already been received by the parties.

4. Husband and wife are to divide the undistributed proceeds from the sale of the Chester County real estate with the wife being awarded $59,307.22 and the husband being awarded. $15,000.

5. Wife is awarded alimony for a period of two years or until her death, remarriage or cohabitation with a man or whichever occurs first, at the rate of $50 a week commencing one week of the date of this order.

6. Wife's request that husband pay her counsel fees is denied.