## Kincaid Estate

*Joan Joffrey,* for estate.
*Anthony J. Vardaro,* for Robert T. Kincaid.
*Michael S. Jan Janin,* for Patricia Reynolds.

MILLER, *J.*, June 22, 1990 — The executrix seeks to enjoin the surviving, but apparently estranged, husband of the decedent from receiving and disposing of payments made on a mortgage given to the decedent and her husband as tenants by the entireties on the theory that the tenancy was extinguished prior to the decedent's death.

The facts were stipulated to and are as follows. Dorothy C. Kincaid and Robert T. Kincaid were husband and wife for a long time. In the latter part of 1989 the decedent filed the divorce action against her husband but that was never completed. The decedent died on January 20, 1990.

In 1983, one Patricia Reynolds made and delivered a second mortgage on property in Sadsbury Township to the decedent and her husband. A balloon payment was due in March 1988 and Reynolds was unable to make that payment. Decedent and her husband looked to foreclose on the property when Reynolds filed a voluntary petition in bankruptcy. For some strange reason, not adequately explained on the record, the decedent negotiated, apparently without her husband's knowledge or involvement, a settlement with Reynolds. Presumably a new mortgage and note were signed carrying new terms with payments to be made to the decedent only. That was approved by the Bankruptcy Court in March 1989. The decedent received the payments. Her husband has not received payments for a long time.

In the divorce action between the decedent and her husband, a support or alimony pendente lite matter came before this court and the husband accepted the fact that the mortgage payments made by Reynolds would go directly to the decedent.

Now that the decedent has died her executrix maintains that even though the mortgage from

Reynolds to the decedent and her husband was initially owned by the decedent and her husband as tenancy by the entireties, that tenancy terminated and all future mortgage payments as well as the title to the mortgage itself should be made to the executrix. In other words the executrix claims that all right, title and interest of Robert T. Kincaid, decedent's husband, in the mortgage and bond have been terminated.[1]

Initially we must make a determination as to whether or not we have jurisdiction over this matter even though none of the parties have addressed that issue. The mortgagor is in bankruptcy and one or both of the mortgagees have made a claim before the Bankruptcy Court in the mortgagor's bankruptcy proceeding.

The Federal District Courts have original and exclusive jurisdiction of all matters in bankruptcy which arise in or are related to any bankruptcy case (28 U.S.C. §157(a)). That right includes "all core proceedings" arising under the Bankruptcy Code (28 U.S.C. §157(b)).

This action does not involve an asset of the debtor. This is not a determination as to whether or not the mortgagor-debtor owes the debt, whether there is any equity that the trustee and/or general creditors would be entitled to obtain, etc. The asset of the debtor that is subject to bankruptcy jurisdiction is the land covered by the mortgage.

Instead, these proceedings center around who the creditor is. That is, who owns the mortgage. This is not one of the core proceedings identified at

---

1. At about the time the new mortgage terms were negotiated between Reynolds and the decedent a continuation of a financing statement was filed of record in Crawford County. That shows the decedent and her husband as secured parties but with the reference that the husband had died.

28 U.S.C. §157(b)(2). This does not directly concern the debtor's real property or the debtor's assets or administration of the debtor's estate. Furthermore, resolution of this matter requires application of state law. *In re Universal Profile Inc.,* 6 Bankr. 190 (Bankr. M.D. Ga. 1980); *In re Turner,* 724 F.2d 358 (1983).

Therefore, this court does have jurisdiction over this matter.

This court, sitting as an Orphans' Court, does have the power to grant injunctive relief and to try title to assets owned by the decedent and her husband. Prior to JARA, section 772 of the Probate Estates and Fiduciary Code[2] provided that the Orphans' Court had powers of any court of equity to issue injunctions in all matters where jurisdiction was to be exercised. That section has been replaced by sections 323 and 912 of the Judicial Code, 42 Pa.C.S. §§332, 912. Those matters include title to personal property registered in the name of the decedent or alleged to have been in the possession of the decedent at the time of her death (20 Pa.C.S. §711(17)).

The Supreme Court has consistently held that the Orphans' Court is vested with exclusive authority to adjudicate the ownership of personal property registered in the name of the decedent at the time of the decedent's death whether or not the decedent's name appears alone or with the name of other persons. *Thomas Estate,* 457 Pa. 546, 327 A.2d 31 (1974); *Pope v. Dascher,* 429 Pa. 576, 240 A.2d 518 (1968).

Even though we have the power to issue injunctions and to try title to property under these circumstances, should we exercise that power in this case?

---

2. Section 772 of the Probate, Estates and Fiduciary Code, 20 P.S. §2080.732.

We probably should not because the threatened injury may not be irreparable; if the executrix is right, she could easily have an adequate remedy at law for money damages. An injunction should not be entered unless the party requesting the injunction has a clear right to relief and equity (as opposed to the Orphans' Court sitting at law) usually does not try title. Most likely we should determine this matter on the basic principles of the right to equity relief before going on to the merits. We are not doing that now for the sake of expediency and judicial economy. We see no need for another lawsuit. We have determined that it is in the best interest of the parties to resolve this matter on the merits now.

The executrix claims that since decedent's husband did nothing in the Reynolds' bankruptcy to stake his claim and since he permitted the decedent to receive the mortgage payments in a proceeding collateral to the divorce, that the tenancy by entireties was severed and that the decedent became the sole owner of the mortgage and bond. We do not agree. The decedent did not become the sole owner of the Reynolds' mortgage and on her death her husband, from whom she had not yet been divorced, became the sole owner of the mortgage and bond as the surviving tenant by the entireties.

An estate by entireties is an estate held by a husband and wife. There is a unity of title. There is a single ownership and a single title. *U.S. v. 246 Acres of Land,* 78 F.Supp. 377 (D.C. Pa. 1948); *In re Gallagher's Estate,* 352 Pa. 476, 43 A.2d 132 (1945).

When husbands and wives own property as tenants by the entirety they are each considered to be seized of the undivided whole and not by the share. Thus until the end of the marriage neither spouse

may compel partition nor sever the entirety property by a unilateral conveyance nor affect the survivorship interest of the other spouse. *Napotnick v. Equibank and Parkvale Savings Assn.,* 679 F.2d 316 (1982); *Shapiro v. Shapiro,* 424 Pa. 120, 224 A.2d 164 (1966) (overruled on other grounds).

One of the tenants may appropriate entireties property for the mutual benefit of both tenants, *Shapiro, supra; Gray v. Gray,* 275 Pa. Super. 131, 418 A.2d 646 (1980).

A tenancy by the entireties usually terminates by an agreement or death. There is an exception that has been carved out by the courts. Where one spouse appropriates the entireties property for his or her own use the estate may be revoked. That is considered an offer to terminate the estate. The termination is not automatic because the offer must be accepted by the other tenant. Most often acceptance by the non-appropriating tenant is signified by that tenant's suit for partition of the property. *Backus v. Backus,* 464 Pa. 380, 346 A.2d 790 (1975); *Gray v. Gray, supra.*

The executrix cites *Gray, supra,* and *Livingston v. Livingston,* 288 Pa. Super. 22, 430 A.2d 1193 (1981) as authority to support a termination of the entireties estate in this case. Those cases accurately state the present condition of Pennsylvania law but they do not justify the result the executrix desires. In this case there is no showing that husband agreed to a termination of the tenancy. Even if we assume that the decedent attempted to appropriate the entireties property for her own use to the wrongful exclusion of her husband, there is no showing that he agreed or did anything that had the legal effect of the termination of the tenancy. He did not bring a partition action.

At best, he apparently allowed the decedent to receive the mortgage payments but that raises mixed inferences. It could well be that he permitted her to receive those payments so that he would not have to pay support. If that is the case then the use of the entireties property by the decedent was of mutual benefit to both of the tenants. Additionally, either spouse may collect mortgage payments because, presumptively, the monies received will be expended for the benefit of both. *Linett v. Linett,* 437 Pa. 138, 262 A.2d 849 (1970).

Finally, if there was an acceptance of the decedent's offer to terminate the estate, by her appropriating the mortgage or payments to herself, she does not end up owning it all. Usually the asset would be divided equally and each would own one-half thereof in his or her own name.

## CONCLUSIONS OF LAW

(1) Where entireties property is taken solely by one spouse, said taking and use is presumed to be for the mutual benefit of both.

(2) The manner in which the decedent and her husband held title to a mortgage and bond from Patricia Reynolds was as tenants by the entirety which said tenancy was not terminated or severed during the lifetime of the decedent.

(3) Title to the mortgage and bond from Patricia Reynolds remains in Robert T. Kincaid as a surviving tenant by the entireties.

## DECREE NISI

And now, June 22, 1990, it is decreed that:

(1) Title to the mortgage from Patricia Reynolds to Dorothy C. Kincaid and Robert T. Kincaid is owned by Robert T. Kincaid as a surviving tenant by the entireties.

(2) The petition of the executrix for an injunction is denied.

If no timely post-trial motion is filed within 10 days after the executrix or her counsel of record receives notice of the decree nisi, the clerk of courts shall, upon praecipe of any party, enter this decree nisi as a final decree in accordance with rule 227.4 of the Pennsylvania Rules of Civil Procedure.