429 A.2d 36

**Harry L. PENNINGTON**

v.

**Geraldine L. PENNINGTON, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 11, 1981.

Filed April 24, 1981.

Vincent J. Morocco, Greensburg, for appellant.

Joseph E. Breman, Pittsburgh, for appellee.

Before SPAETH, SHERTZ and MONTGOMERY, JJ.

PER CURIAM:

This action in equity concerns the partitioning of personal entirety property owned by the parties, who were husband and wife. The primary issue is whether the parties had agreed that the wife should receive such assets as consideration for granting her husband his freedom to marry another. The lower court found that such an agreement had not been made, and, in light of that decision, held that the wife-appellant had misappropriated the total entirety assets in question. These assets were stipulated to consist of a savings certificate in the Vandergrift Federal Savings and Loan Association, and two savings accounts, one in the aforementioned association and another in Keystone Bank. The total value of said assets was $35,197.30, which was divided by the lower court equally between the parties.

The evidence reveals the following: Appellant and her husband began to develop marital difficulties after almost thirty years of marriage. Appellee repeatedly demanded his freedom; appellant responded by promising to "clean him out" should he ever leave her. After several

months of threatening to remove all financial assets from appellee's control, appellant finally did so in November, 1976. Although appellee demanded the return of the assets, appellant continued to maintain sole control over the funds. Several months later, appellee left the marital domicile.

We agree with the lower court's finding that no agreement had been reached between the parties with respect to the division of assets. Our review of the record reveals adequate evidence to support the chancellor's conclusion that appellant wrongfully appropriated the entirety assets to her own use, excluding appellee from the use and enjoyment of that property. Appellant's actions worked " ... a revocation of the estate by the fiction of the appropriation's being an offer of an agreement to destroy the estate and an acceptance of that offer when the other spouse starts suit: the property is then fit for accounting and division ..." *Stemniski v. Stemniski*, 403 Pa. 38, 42, 169 A.2d 51, 53 (1961) as cited in *Vento v. Vento*, 256 Pa.Super. 91, 94, 389 A.2d 615, 617 (1978).

Although appellant protests the findings of fact to the separation agreement, she contends in the alternative that the equal division of assets was improper. In support of her argument, she cites expenditures that she made from the funds for their joint benefit and demands that she receive credit for monies so spent.

Two of the credits claimed by appellant were $9,000.00 she gave to a son and $12,000.00 she spent for a new Continental automobile, both being made without consent or knowledge of the appellee. Clearly the expenditure of $12,000.00 for a new automobile, when an Oldsmobile Toronado she owned merely needed a new battery, was not for the benefit of the entirety estate.

Likewise, the $9,000.00 she gave to their son without her husband's joinder must be considered a personal gift from appellant. She argues that her husband would have consented to the gift had he been advised of it, but, we see no error on the part of the trial judge in ruling that a question

put to her husband as to his present view of the matter was irrelevant.

Appellant lastly argues that she should have been given credit for the payment of income taxes, real estate taxes, insurance, and repairs, the total expenditures amounting to $6,690.00. There is testimony that she did expend $1,500.00 for jointly-owed income tax, $1,200.00 for real estate taxes on property jointly owned and further sums for repairs to their home and for the installation of a deep well pump.

Unfortunately, the lower court did not address itself to such claims and made no findings concerning them. Since we are not convinced that the ordered partition reflected a full consideration of all the facts, the order is vacated and the case is remanded for further hearing to determine the proper credits appellant may be entitled to for expenditures made for their joint benefit from the assets totalling $35,197.30.[1] If either party wishes to challenge the order entered upon the conclusion of such proceedings, a new appeal must be filed.

---

[1] Such hearing on remand need not reconsider the aforementioned expenditures of $12,000.00 that appellant spent for the automobile or the gift of $9,000.00 to their son. We have already determined that she is entitled to no credit for these sums.