476 A.2d 464

**Elma J. EWIAK**

v.

**Benjamin T. EWIAK, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 27, 1984.

Filed May 18, 1984.

Joseph J. May, Erie, for appellant.

Clinton A. Shamp, Erie, for appellee.

Before CAVANAUGH, WICKERSHAM and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erroneously declined to apply the 1980 Divorce Code, 23 P.S. § 101 *et seq.*, to this partition action. We find no merit in appellant's contention and, accordingly, affirm.

On April 5, 1978, appellee-wife filed an action in equity against appellant-husband alleging his use of joint funds and seeking an accounting of personalty jointly owned by the parties. In the fall of 1978, following the appointment of a Master, the preparation of an inventory, and a hearing, the lower court determined that appellee was entitled to partition of the parties' personalty and realty. An October 24, 1978 Decree Nisi, to which appellant did not file exceptions, was finalized on January 26, 1979. On February 5, 1979, appellee filed for permission to amend the bill in equity to include the parties' realty so that the complaint and decree would be consistent. Appellant's objection to the amendment was denied and on February 28, 1979, the lower court permitted the amendment. On October 24, 1980, appellant requested and the lower court agreed, to apply the provisions of the 1980 Divorce Code to the pending *divorce* action. On May 15, 1981, however, the lower court determined that the 1980 Code should not be applied to the completed *partition* action. On March 29, 1982, the Master filed an amended report containing the appropriate distribution of the real property subject to partition. The lower court then ordered the Master to sell the real estate and distribute the proceeds. On July 2, 1982, the lower court granted appellee's motion to reduce the October 24, 1978 decree to judgment. Judgment in the amount of $24,170.85, arising from the partition of the parties' personalty, was thereupon entered in appellee's favor. This appeal followed.

Appellant contends first that the lower court erred in refusing to apply the 1980 Divorce Code to the 1978 partition action. We disagree. The 1980 Divorce Code provides:

The provisions of this act shall not affect any suit or action pending, but the same may be proceeded with and concluded either under the laws in existence when such suit or action was instituted, notwithstanding the repeal of such laws by this act or, upon application granted, under the provisions of this act. *The provisions of this act shall not apply to any case in which a decree has been rendered prior to the effective date of the act.*

Divorce Code, April 2, 1980, P.L. 63, No. 26 § 103, 23 P.S. § 103, effective July 2, 1980 (emphasis added).

Here, the lower court entered the Decree Nisi on October 24, 1978. The decree was finalized on January 26, 1979. Appellant failed to file exceptions to the decree. *See* Pa.R. Civ.P. 1557 (exceptions to be filed within 20 days after the entry of a partition action). Clearly then, a decree had been entered in this case prior to the effective date of the 1980 Code.

Appellant, however, challenges the finality of the decree and avers two theories: (1) no final decree existed until finalization of the *divorce* as differentiated from the *partition* action; and (2) the decree was not finalized until July 2, 1982, when the lower court reduced the decree to a monetary amount. We find that neither of these theories has merit. First, the partition and divorce actions were distinct because the partition action resulted in a decree in early 1979, while the divorce action proceeded under the 1980 Code. *See Vento v. Vento,* 256 Pa.Superior Ct. 91, 389 A.2d 615 (1978) (although parties were not divorced, partition action could proceed and be finalized where defendant employed joint property for his own use). Second, the July 2, 1982 order directing that the October, 1978 decree be reduced to a monetary amount may be appropriately characterized as a mechanism ensuring appellee's receipt of her share of the jointly owned personalty. Reducing the decree

to a monetary amount in no way affects the finality of the partition action. Accordingly, we conclude that because a decree had been entered in the partition action prior to the effective date of the Divorce Code, the lower court correctly refused to consider the partition action under the 1980 Code.[1]

Finding no merit in appellant's contention, we affirm the order of the lower court.[2]

Affirmed.

1. We agree with the lower court's conclusion that appellant, in appealing the July, 1982, order, is attempting to circumvent his waiver of objections to the 1978 partition order and to the court's May, 1981 order refusing to apply the 1980 Code to the partition action. In response to this, appellant relies on Pa.R.Civ.P. 1557, which makes it optional with the unsuccessful party in a partition action "whether to appeal preliminarily or whether to proceed with the balance of the partition proceedings and appeal from the ultimate final decree." 5 Goodrich-Amram 2d § 1557(5). Rule 1557 provides a litigant with the option, after the denial of exceptions taken to the partition action, of appealing before or after the adjudication is finalized. Contrary to appellant's interpretation, we understand Rule 1557 to refer to the final partition decree, and not to the final divorce decree because partition actions may occur in contexts other than divorce. Therefore, even assuming arguendo that appellant filed exceptions to the Decree Nisi, an appeal from the 1978 decree and 1981 order would be considered untimely.

2. Because of our disposition of this appeal, we need not address appellant's remaining contentions.