454 A.2d 1059

**Patricia L. PLATEK, Appellant,**

v.

**Anthony L. PLATEK.**

Superior Court of Pennsylvania.

Argued March 15, 1982.

Filed Dec. 30, 1982.

18

Mark A. Criss, Zelienople, for appellant.

Norman D. Jaffe, Butler, for appellee.

Before SPAETH, JOHNSON and HOFFMAN, JJ.

SPAETH, Judge:

This is an appeal from two orders issued incident to a divorce action. The first order was issued on October 10,

1980.  It enjoins appellant from disposing of a fund representing the remaining balance of the proceeds of a tort claim settlement obtained by the parties, and directs partition of a portion of that fund.  The second order was issued on October 20, 1980.  It dismisses preliminary objections that appellant had filed in response to appellee's petition for an injunction.[1]  We have concluded that in directing partition, the lower court erred.  So much of the order of October 10 as directs partition will therefore be vacated, and the case will be remanded for further proceedings.

The parties were married in 1969.  While they were married, appellant was hurt in an accident, and as a result, the parties filed a trespass action, appellant claiming damages for her personal injuries and appellee making a consortium claim.  The action was settled, and the proceeds of the settlement were deposited in the parties' joint savings accounts, and also, apparently, in various certificates in their joint names.

**1.**  Both the Oct. 10 order and the October 20 order are interlocutory, and appellee has filed a motion to quash the appeal.  Since the Oct. 10 order directs partition, however, it is appealable.  Pa.R.A.P. 311(a)(6) (appeal may be taken as of right from an order directing partition).  On March 9, 1981, appellee's motion to quash was therefore denied.  Appellant has argued that the Oct. 10 order is also appealable because it granted appellee's petition for an injunction.  *See* Pa.R.A.P. 311(a)(4) (appeal may be taken as of right from an order granting an injunction).  Appellee has responded to this argument by saying that the order does appellant no irreparable harm but only maintains the status quo pending the lower court's final decision regarding how the parties' property should be divided incident to their divorce.  As just noted, however, in fact the order does not maintain the status quo, for it directs partition, albeit of only part of the fund.  We therefore do not need to decide whether the order would be appealable if it were only an injunction.

With respect to the Oct. 20 order dismissing appellant's preliminary objections: It is not an appealable order.  However, we see no need to enter an order quashing an appeal from it.  Although appellant *says* that her appeal is from both the Oct. 10 order and the Oct. 20 order, it is not apparent how one appeal can be taken from two orders.  We shall therefore regard the appeal before us as from the Oct. 10 order only.  This will do no violence to the parties' contentions, for the issues raised by both orders are the same, and in deciding the validity of the Oct. 10 order directing partition, we shall necessarily by implication decide the validity of the Oct. 20 order dismissing appellant's preliminary objections.

On July 1, 1980, appellant brought this divorce action against appellee. Thereafter, appellee petitioned the lower court to enjoin appellant from disposing of the settlement proceeds. Appellant filed preliminary objections to the petition, alleging that "by reason of their origin," the settlement proceeds were her "sole property" and that the lower court therefore "lack[ed] subject matter jurisdiction over said funds in the context of a divorce action." R. 13–14.

The matter came on for hearing on October 10, 1980. At the outset of the hearing, the lower court stated that appellant's preliminary objections were overruled. R. 21.[2] Appellee's counsel represented to the court, and appellant's counsel agreed, that appellant had withdrawn the funds arising from the settlement of the trespass action, and had them in her possession. R. 23. Appellant's counsel stated that "[m]uch of the money" had been spent—on various matters as to which he said he was prepared to present testimony—and that "the cash on hand as of this moment" was $53,807.29. *Id.*

At the end of the hearing, the lower court entered an order that "each party is entitled to the sum of Ten Thousand Dollars" from the money in appellant's possession,[3] and that "[t]he balance ... is to be frozen until further order of the Court." R. 38. The court declined to receive any of the testimony proffered by appellant.

In its opinion explaining its order, the lower court states that "[w]hen the wife [appellant] appropriated all of these monies for her own use, she invited a *Vento* partition [referring to *Vento v. Vento*, 256 Pa.Super. 91, 389 A.2d 615 (1978) ]." Slip op. at 2. The court goes on to hold that the funds arising from the settlement of the trespass action—the funds appropriated by appellant—were "marital property" within the meaning of the new Divorce Code, Act

2. As indicated above, an order to this effect was not entered until Oct. 20.

3. The court found this amount to be $54,807.29. No issue has been raised in argument to us regarding the discrepancy between this finding and counsel's statement at the hearing that the amount was $53,807.29.

of April 2, 1980, P.L. 63, No. 26, § 101 *et seq,* 23 P.S. § 101 *et seq* (1982), and were therefore subject to being equitably divided between the parties incident to a decree divorcing them. 23 P.S. § 401(d) and (e). However, the court states, "It is the opinion of this court that the *Vento* doctrine is still viable, and that the Divorce Code of 1980 has not rendered it moot. By her conduct in this case, the wife may have forfeited her right to equitable distribution, and her rights may be relegated to one equal division of the property under *Vento."* Slip op. at 2.[4]

–1–

█ Appellant's first argument is that the lower court erred in characterizing the settlement proceeds as marital property within the meaning of Section 401(e) of the Divorce Code.

Section 401(f) of the Code provides:

All property, whether real or personal, acquired by either party during the marriage is presumed to be marital property regardless of whether title is held individually or by the parties in some form of co-ownership such as joint tenancy, tenancy in common or tenancy by the entirety. The presumption of marital property is overcome by a showing that the property was acquired by a method listed in subsection (e).

Therefore, since the settlement proceeds were "acquired ... during the marriage," they are "marital property" unless they were "acquired by a method listed in subsection (e)."

Appellant argues that the settlement proceeds *were* acquired by a method listed in Section 401(e), specifically, she says that they were "[p]roperty acquired in exchange for property acquired prior to the marriage ...." 23 P.S. § 401(e)(1). The question is thus presented whether one's physical well-being constitutes "property acquired prior to the marriage ...." We conclude that it does not.

4. The court explained, at the conclusion of the hearing, that it regarded its order directing only a *partial* equal division of the settlement proceeds—$10,000 to each party—as an "interim order," entered in the hope that the parties could "resolve [their] differences." R. 38.

In construing the phrase, "property acquired prior to the marriage ....," we look to the everyday, popular meaning of those words. *Treaster v. Union Township*, 430 Pa. 223, 242 A.2d 252 (1968); *Wheatcroft v. Auritt*, 226 Pa.Super. 118, 312 A.2d 441 (1973); 1 Pa.C.S.A. § 1903(a). Suppose one were to lose a leg in an accident, and, in settlement of the claim, receive $100,000. One would not in everyday speech say that the $100,000 was "[p]roperty acquired in exchange for property [the lost leg] acquired prior to [one's] marriage ...."

The legislative history of the Divorce Code of 1980 also persuades us that in defining "marital property," the Legislature did not intend to except the proceeds of the settlement of a personal injury claim. The House version of Section 401(e) *did* except settlement proceeds. In defining "marital property," it excepted "[p]roperty acquired with, or received in exchange for property acquired with .... payments received as payment for the loss of impairment of parts or functions of the body of the party who received the payment." *Hearings on H.B. 640 Before The Pennsylvania House of Representatives*, 1979 Pa.Leg.J. 1968. However, the House version *also* excepted from marital property "property acquired in exchange for property acquired prior to the marriage ...." It is therefore clear that the House did not intend this latter section to except settlement proceeds from marital property, for then there would have been no need for the former section. *See In re Dorrance's Will*, 333 Pa. 162, 3 A.2d 682 (1939); *Macfarland v. Unemployment Compensation Board of Review*, 158 Pa.Super. 418, 45 A.2d 423 (1946); *Appeal of Dixon*, 138 Pa.Super. 385, 11 A.2d 169 (1940).

A further feature of the legislative history confirms this conclusion. This is that the Senate rejected the House version. *Hearings on H.B. 640 Before the Pennsylvania Senate*, 1980 Pa.Leg.J. 1364–65. Although the House wanted to except from marital property *both* settlement proceeds and "property acquired prior to marriage," the Senate wanted to except *only* "property acquired prior to marriage." As enacted, the Divorce Code reflects the Senate's

view. It follows that settlement proceeds are not excepted from marital property. *McDowell v. Good Chevrolet-Cadillac, Inc.*, 397 Pa. 237, 154 A.2d 497 (1959) (failure to enact proposed amendment to act held significant in construing act).[5]

-2-

Appellant's next argument is that she was denied due process of law because the lower court did not permit her to present evidence in support of her argument that the settlement proceeds were not marital but her separate property. This argument is without merit. Since the conclusion that the settlement proceeds are marital property follows from the undisputed fact that the proceeds were acquired during the parties' marriage, no evidence that appellant could have presented would have warranted the conclusion that the proceeds were her separate property. It was therefore not error for the lower court to preclude appellant from presenting evidence.[6]

-3-

Appellant's last argument is that the lower court erred in directing partition of a portion—$20,000—of the settlement proceeds. We agree.

Section 301 of the Divorce Code provides that "in conjunction with any decree granting a divorce," the court shall "determin[e] and dispos[e] of property rights and interests

---

5. Appellant refers us to statements made in legislative debate in support of her argument that rejection of the House version does not manifest the intention that settlement funds should not be excepted from marital property. However, while committee and commission reports are an aid to construing a statute, statements made in debate are not. *See Phila. v. Phillips*, 179 Pa.Super. 87, 116 A.2d 243 (1955); *Lenhart v. Cambria County*, 29 Pa.Super. 350 (1905), *aff'd*, 216 Pa. 25, 64 A. 876 (1906).

6. Had there not been an undisputed fact from which the conclusion that the settlement proceeds were marital property followed, appellant would, of course, have been entitled to introduce evidence to rebut the presumption that the proceeds were marital. 23 P.S. § 401(f) ("The presumption of marital property is *overcome by a showing* that the property was acquired by a method listed in subsection (e)".) (Emphasis added.)

between spouses, ... including the partition of property held as tenants by the entireties or otherwise...." 23 P.S. § 301(a)(1). However, Section 401 of the Code provides that if the property is "marital property," "the court shall, upon request of either party, equitably divide, distribute or assign" the property between the parties "without regard to marital misconduct in such proportions as the court deems just after considering all relevant factors including [ten enumerated factors, illustrative of which are the length of the marriage, the age, health, and skills of each party, the contribution of each party to the acquisition of the marital property, and so on]." 23 P.S. § 401(d).

■ It is apparent, therefore, that the court's power to direct a partition of property is qualified by its duty to divide marital property in an equitable way. If the property is *not* marital property, the court may direct its partition. But if it *is* marital property, the court must instead, upon request of either party, direct its equitable division. The result may well be different. For partition is an even division. *Vento v. Vento, supra.* But an equitable division often will not be even; the essence of the concept of an equitable division is that "after considering all relevant factors," the court may "deem[ ] just" a division that awards one of the parties more than half, perhaps the lion's share, of the property.

■ Here, as we have explained above, the property in question—the proceeds of the settlement—is marital property. It was therefore the lower court's responsibility to decide upon an equitable division of the proceeds. In directing their partition instead, the lower court erred.

The lower court justified its order of partition by expressing "the opinion ... that the *Vento* doctrine is still viable, and that the Divorce Code of 1980 has not rendered it moot." Slip op. at 2. If the property in question is not "marital property," as that term is defined by the Divorce Code, then the *Vento* doctrine is indeed still viable. If the joint tenants are not husband and wife, *Vento* will apply. *Vento v. Vento, supra,* 256 Pa.Superior Ct. at 94 n. 3, 389 A.2d at 617 n. 3. Even if the joint tenants are husband and

wife, *Vento* will still apply if the property is the separate property of one of them. But if the property is marital property, *Vento* has no application.

The lower court also expressed the opinion that "[b]y her conduct in this case [in appropriating the settlement proceeds], [appellant] may have forfeited her right to equitable distribution, and her rights may be relegated to an equal division of the property under *Vento*." Slip op. at 2. However, as we have just explained, *Vento* has no application where the property in question is marital property. Nor does the concept of forfeiture have any application. In deciding upon an equitable division of marital property, the court must act "without regard to marital misconduct." 23 P.S. § 401(d).

Accordingly, the lower court should not have directed that $20,000 of the some $54,000 of settlement proceeds be partitioned between the parties. Instead, the court should have determined what represented an equitable division of all of the settlement proceeds.

The order of the lower court directing partition is vacated and the case is remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.