## Altemus v. Altemus

*Robert Ungerleider,* for plaintiff.
*Bohdan J. Zelechiwsky,* for defendant.

WILLIAMS, *P.J.,* January 13, 1984—This matter is before the court on defendant's preliminary objection in the nature of a motion to dismiss. Defendant raises the defense of lis pendens, the pendency of a prior action, pursuant to Pa.R.C.P. 1017(b)(5). After careful review of the record before us and the briefs of counsel, we sustain defendant's objection.

The procedural history of this matter is not disputed. On or about July 6, 1983, plaintiff instituted an action in divorce, seeking relief under Section 201(c) of the Divorce Code. 23 P.S. §201(c). Defendant filed her answer denying irretrievable breakdown on or about August 10, 1983, but included in her counterclaim a request that the court order the equitable distribution of all marital property, pursuant to Section 401 of the Divorce Code. 23 P.S. §401. On or about October 14, 1983, plaintiff filed an action in equity seeking court-ordered partition of the marital domicile. It is defendant's preliminary objection to the partition action which is now before the court.

We note at the outset that this is not a matter of first impression in this Court. Strock v. Strock, 45 Northampton Co. Rep. 188 (1982). It is true, as plaintiff suggests, that the factual scenario of the

Strock case was not identical to the matter before us. In the case at bar, the request for court-ordered equitable distribution was contained in defendant's counterclaim, and it is plaintiff who is seeking partition of the marital domicile. Therefore, it is also true, as plaintiff suggests, that he is not seeking "two bites out of the same apple". That is irrelevant. The basis for dismissing the partition action in Strock was not, as plaintiff implies, to slap the hands of plaintiff for being too greedy, but was an attempt to abide by legislative intent and insure a just and fair determination and settlement of the property rights. As was stated in the Strock opinion, quoting Sadawski v. Sadawski, 44 Fay. L.J. 40 (1981):

It is apparent that property which might be divided equally in an action for partition may very well be distributed otherwise by a court effecting an equitable distribution of the same property under the Divorce Code. . . . Our legislature has in the Divorce Act established the factors which it believes should provide the basis for determining how marital property shall be distributed among divorcing spouses. We believe that to allow one of the parties to proceed with a partition action in these circumstances would frustrate the objectives of our legislators by allowing the imposition of entirely different criteria in determining how certain items of marital property will be distributed. Id. at 41.

The same policies hold true in the matter before us. Accordingly, we adopt the reasoning set forth in the Strock opinion. This court will not entertain actions whose only function is to temporarily redistribute a portion of the parties' marital property which would eventually be subject to redistribution anyway under Sections 401 and 501 of the Divorce Code. Plaintiff's action in partition is superseded by

the equitable distribution provisions of the Divorce Code and must be dismissed.

The dismissal of plaintiff's complaint in partition does not leave him without recourse. A divorce action between the parties is pending. The defendant has requested this court to order the equitable distribution of marital property, and the court may be duly petitioned to appoint a master to proceed with that matter pursuant to Section 304 of the Divorce Code. 23 P.S. §304.

In light of recent Pennsylvania appellate decisions, there is no doubt that economic claims may be severed from divorce claims. Wolk v. Wolk, ____ Pa. Super. ____, 464 A.2d 1359 (1983); 23 P.S. §401(b); Pa. R.C.P. 1920.52(c). In the case at bar we are presented with a sequence of events different from the Wolk scenario, but the legal principles and social policies involved remain the same. In this matter, we are asked to equitably divide marital property while the parties are still legally married. Section 102 of the Divorce Code provides that it is the legislative intent to "effectuate economic justice between parties who are divorced *or separated* (Emphasis added), . . . and insure a fair and just determination and settlement of their property rights". 23 P.S. 102(a)(6). The legislature has determined that the equitable distribution of marital property is the best vehicle for insuring a fair and just resolution of property rights in a divorce action.

The Pennsylvania Superior Court concluded that a court's power to direct a partition of property is qualified by the duty to divide marital property in an equitable manner. Where the property is not marital, the court can partition the same. But where the property is marital, the court must instead, where either party requests, divide it in an equitable man-

318

ner. Platek v. Platek, ____ Pa. Super. ____, 454 A.2d 1059 (1982).

The equitable distribution of marital property, therefore, whether it be ordered subsequent to or prior to the entry of a final decree of divorce, reflects the legislatively preferred avenue of property distribution under the Divorce Code. To delay such a determination until a divorce decree can be entered in a contested case would be to undermine the social policies mirrored in the Code. Those policies reflect an attempt to deal effectively with "the realities of matrimonial experience", to "give primary consideration to the welfare of the family", to "mitigate harm to the spouses and their children", and to "effectuate economic justice between parties who are divorced or separated". 23 P.S. §102(a)(1)(3)(4)(6). Given the policies so clearly expressed in the Code to deal realistically and fairly with a difficult situation, we find that we have the authority to equitably divide marital property prior to the entry of a final divorce decree, and that such an avenue is the most equitable avenue to follow in this matter. To hold otherwise would be to force plaintiff in a situation such as this one, to either go without adequate remedy for the statutory period required in a unilateral divorce action, or to amend his complaint to set forth fault grounds upon which to proceed, laden with all the animosity and distaste that the new Divorce Code attempted to eradicate.

Accordingly, we enter the following

## ORDER OF COURT

And now, January 13, 1984, defendant's preliminary objection is sustained and plaintiff's complaint in partition is dismissed without prejudice.