### Michell v. Michell

*Lawrence A. Ruth,* for plaintiff.
*Pamela Fisher,* for defendant.

BROWN, *J.*, November 1, 1984—On March 15, 1983 plaintiff, Thomas Michell, brought an action in divorce alleging indignities to the person and irre-

trievable breakdown after a three-year separation under section 201(d) of the 1980 code. On July 15, 1983 he filed and served on defendant, Lucille Michell, a 201(d) affidavit. No counter affidavit was filed and on September 16, 1983 the court approved the divorce but deferred entry of a final decree pending resolution of economic issues raised by defendant. Those matters were referred to the master in equitable distribution who, after a hearing, filed a report and recommendation on March 22, 1984 to which defendant filed exceptions. A de novo hearing was held on June 12, 1984.

Mr. and Mrs. Michell were married on April 10, 1972. That November Michell was injured in a very serious automobile accident, suffering brain damage and multiple injuries. He spent the next five years in and out of hospitals and rehabilitation facilities. During that time he was adjudged incompetent and defendant was appointed guardian. She brought a tort action against the driver of the other vehicle and in July 1977 a settlement was reached whereby Mrs. Michell received $50,000 for her loss of consortium claim. Mr. Michell also received $50,000 in cash together with a structured arrangement whereby he receives $676.28 per month for life.

Defendant seeks an award of a portion of that monthly sum claiming it is marital property subject to division. She relies on Platek v. Platek, 309 Pa. Super. 16, 454 A.2d 1059 (1982), as authority that the payments are marital property. We find Platek distinguishable. The tort settlement proceeds were received while the parties were cohabiting. Here they were not. Defendant never lived with plaintiff after the accident and by her own testimony considered the marriage finished by 1974. The settlement

took place in 1977, long after separation, be it 1972 or 1974. Section. 401(e)(4) of the Divorce Code states "property acquired after separation until the date of divorce. . . " is not to be considered marital property. Because Mr. Michell had but an unliquidated tort claim at the time of separation, the settlement proceeds later received are not marital property within the meaning of the Divorce Code.

But if they were, the result would be no different. In addition to the $50,000, Mrs. Michell has received social security benefits for both her and her son since shortly following the accident until the present day, and in fact received and spent for her own purposes the benefits due her husband until June 1976, at which point he recovered sufficiently to be paid directly. As of that date, Mrs. Michell had received $12,400 in addition to the benefits she received from social security for herself and her son. $62,400 for a marriage which realistically lasted seven months is more than enough when one considers the circumstances in which her husband finds himself. While he has made great strides toward recovery, he still suffers residuals of the accident, and after 12 years additional progress appears to be questionable. He is unemployed and probably unemployable, at least in any occupation which would substantially increase his income. At present he receives $647 monthly from social security, the $676.28 settlement proceeds and $75 a month from interest income, or a total of $1,378.28. The monthly settlement sum will never increase, and consequently its buying power will inevitably be diminished by inflation in the years to come. He is now 34, so that fixed amount stretches into the distant future.

On the other hand, Mrs. Michell is a high school graduate, has completed a CETA program in word

processing and has secretarial skills. She has been employed by the same company for the last two and a half years, during which time she has received two raises and expects more in the future. While her gross earnings at present are under $200 a week, she has been receiving the social security benefits earlier alluded to and will continue after the divorce to receive benefits for her child even if not for herself. She is but 31 years of age and is in good health, so her prospects, both in life and in work, are much brighter than those of her husband. Under the circumstances, we find it would be inequitable to award Mrs. Michell any share of the monthly settlement proceeds received by her husband. Likewise an award of counsel fees would be inequitable for the same reasons, although we need not pass on that claim, since no evidence on the issue was presented.

## DECREE NISI

And now, this November 1, 1984 it is ordered and decreed that

I. Lucille Michell is awarded all marital property presently in her possession.

II. Thomas Michell is awarded all marital property presently in his possession including the monthly proceeds received in settlement of his personal injury claim.

III. An award of counsel fees against Thomas Michell is denied.

IV. A decree of divorce, A.V.M. shall be awarded concurrent with the adjudication.

Unless exceptions are filed within 10 days of the date of this decree, the prothonotary shall enter it as the final decree of the court.