## Blough v. Blough

*James B. Yelovich*, for plaintiff.
*Joseph B. Policicchio*, for defendant.

SHAULIS, *J.*, January 17, 1985 — The matter before this court is defendant's preliminary objection to plaintiff's amended complaint adding a fifth

count to the original complaint for the partition of real and personal property formerly jointly held by the parties as husband and wife but now held as tenants in common. In addition, we also have before us, plaintiff's motion to enlarge jurisdiction of the master.

## FACTS

The parties to this action were married on August 14, 1981. On September 30, 1981, defendant, James Blough, acquired all the interest of his former spouse, Carol J. Blough, in and to a parcel of residential real estate located in Conemaugh Township. Defendant and his ex-wife had been owners of the residential property since June 6, 1961. On October 1, 1981, defendant conveyed title to the residential property to plaintiff herein and himself as husband and wife as tenants by the entireties. In addition, on January 13, 1983, defendant opened an investment fund account at Greensburg Savings and Loan Association in the joint names of plaintiff and defendant. Defendant subsequently deposited various sums of money to the account which he now claims he had accumulated largely from gifts that were made to him by his mother, prior to his marriage to plaintiff as well as during the course of the marriage.

Plaintiff and defendant separated on March 3, 1983 and defendant closed out the investment account by withdrawing the balance of $22,413.36 the next day. The residential property remained titled in the parties as tenants by the entireties. On May 10, 1983, plaintiff commenced this action by filing a divorce complaint under section 201(a) and 201(c) of the Pennsylvania Divorce Code. Plaintiff also set forth in her complaint a claim for equitable distribu-

tion of property and reasonable counsel fees and expenses. Defendant's answer generally denied all the averments of the complaint, and a master was appointed on November 22, 1983 to hear the parties' testimony and to make recommendations concerning those claims which had been raised in plaintiff's complaint. Shortly thereafter, a divorce decree was entered pursuant to section 201(c) of the Divorce Code on December 29, 1983, the court retaining jurisdiction over the matter of counsel fees and equitable distribution of marital property.

On May 31, 1984, plaintiff filed a statement of income and expenses and an inventory and appraisement, listing as marital property the residential realty in Conemaugh Township and the investment fund account at Greensburg Savings and Loan Association. Defendant filed his statement of income and expenses and his inventory and appraisement on July 18, 1984. Defendant also listed the real estate and bank account as marital property, but specifically claimed that the assets were marital property only to the extent of their increase in value during the marriage. On October 23, 1984, plaintiff filed an amended inventory and appraisement adding the residential property and the investment fund account to her list of non-marital property. At the same time, plaintiff filed an amended complaint, adding Count V requesting partition of the residential property and the investment fund account. Plaintiff subsequently filed a motion to enlarge jurisdiction of the master to hear and preside over the partition proceedings as well as the other ancillary claims. Defendant responded to plaintiff's amended complaint by filing preliminary objections on October 31, 1984. Defendant's preliminary objections include a demurrer, a motion to

strike's plaintiff's amended complaint, and a motion for more specific pleading.

## DISCUSSION

Plaintiff has challenged the propriety of defendant's preliminary objections to her amended complaint, claiming that any objections should be raised by defendant only after the master has determined whether the residential property and bank account are non-marital property if and when this court directs partition. At that time, plaintiff argues, defendant may take exception to the rulings and the court will have at its disposal the benefit of the master's reasoning as well as all the evidence bearing upon the issues.

Pa.R.C.P. 1920.11 specifically provides, however, that pleadings in an action for divorce shall include "those authorized by Rule 1017, a bill of particulars, a petition authorized by the Divorce Code and an Answer thereto." Furthermore, "except as otherwise provided . . . the procedure in the action shall be in accordance with the rules relating to a civil action." Pa.R.C.P. 1920.1(b). There is no doubt that in an action of divorce, a complaint may be amended after it has been filed. White v. White, 185 Pa. Super. 141, 138 A.2d 162 (1958); see also 24 Standard Pennsylvania Practice 2d §§126:195-126:200. Moreover, if the complaint fails to sufficiently set forth a cause of action, an objection may be taken by preliminary objection in the nature of a demurrer. Maurer v. Maurer, 163 Pa. Super. 264, 60 A.2d 440 (1948); Sonoff v. Sonoff, 13 D. & C. 2d 506 (1957). Thus, when an amended complaint is filed, defendant has the right to preliminary objection. Cooper v. Cooper, 27 D. & C. 2d 556 (1962). Accordingly, we find that defendant, in the case at bar, has followed

the correct procedure by filing preliminary objections at this time, and we can find no merit to plaintiff's first argument.

When ruling on preliminary objections in the nature of a demurrer, it is axiomatic that the complaint must be examined to determine whether it sets forth a cause of action which, if proved, would entitle the party to the relief sought. Where the complaint fails to set forth a cause of action, a preliminary objection in the nature of demurrer is properly sustained. Rose v. Wissinger, 294 Pa. Super. 265, 439 A.2d 1193 (1982). In setting forth a claim for partition in Count V of the amended complaint, plaintiff contends that, while the Divorce Code, 23 P.S. §401(d), provides for the equitable distribution of marital property upon the dissolution of the marriage, the Superior Court has recently held that the lower court may still direct the partition of jointly held non-marital property. Estep v. Estep, 326 Pa. Super. 404, 474 A.2d 302 (1984); Platek v. Platek 309 Pa. Super. 16, 454 A.2d 1059 (1982). Accordingly, in order for plaintiff's amended complaint to state a cause of action for partition, it is essential that she plead facts which demonstrate, if taken as true, that the residential realty and investment fund account are jointly-held non-marital property. After reviewing the amended complaint, defendant's preliminary objections thereto and the arguments presented by the parties' counsel, we find that the facts in this case do not support a cause of action for partition.

Defendant urges that partition cannot apply to the case at bar because the realty and the bank account are either marital property subject to equitable distribution or the separate non-marital property of defendant, such property being acquired by defendant by gift or in exchange for property acquired

prior to the marriage. See 23 P.S. §401 (e). We must agree with defendant in his characterization of the nature of the property in dispute. Since the enactment of the 1980 Divorce Code, Pennsylvania courts have found that a transfer by one spouse of separately owned non-marital property to the entireties is a gift to the marital entity and therefore marital property. Clapper v. Clapper, 41 Somerset. L. J. 215, 25 D. & C. 3d 467 (1982); Cauffiel v. Cauffiel, 41 Somerset L. J. 191, 25 D. & C. 3d 137 (1981); Johnson v. Johnson, 22 D. & C. 3d 97 (1981). Such an analysis is entirely consistent with the position taken by other state courts considering equitable distribution statutes similar to that contained in the Pennsylvania Divorce Code. See In re Marriage of Rogers, 85 Ill. 2d 635, 422 N.E. 2d 635 (1981); Carter v. Carter, 419 A.2d 1018 (Maine 1980).

Plaintiff argues that this analysis is precluded by the recent decision in Estep v. Estep, 326 Pa. Super. 404, 474 A.2d 302, 308 (1984). We do not agree, however, with plaintiff's reading of that case. In Estep, the court found that a presumption of a gift to a spouse of one-half the proceeds of the sale of non-marital property deposited in a joint bank account was inappropriate in the context of equitable distribution.* The court in Johnson v. Johnson, 22 D. & C. 3d at 105, specifically analyzed and rejected such a gift law approach, opting instead for the theory outlined herein. Moreover, such an analysis has also been rejected by our court. See Clapper v. Clapper, 41 Somerset L. J. at 222-226. We therefore find that the Estep case is consistent with this court's earlier decisions in Cauffiel v. Cauffiel, supra, and

---

*Compare Horner Estate, 29 Somerset L. J. 343, 352-3 (1974).

Clapper v. Clapper, supra. Thus, the residential realty and the investment fund account in dispute in the case at bar could be viewed as marital property subject to equitable distribution by the master.

Furthermore, defendant contends that the property in dispute is his separate nonmarital property, being either property acquired prior to the marriage by gift or property acquired during the marriage in exchange for property acquired prior to the marriage. See 23 P.S. §401 (e)(1) and (3). Thus it is defendant's position that only the increase in value of the property during the marriage is joint property, and that property is subject to equitable distribution as marital property, not partition. A determination of this issue involves a factual dispute which must be resolved by the master. Nevertheless, it is evident from the facts of the case that the property in dispute was never jointly-held prior to the marriage.

Plaintiff bases her partition action on the status of the title to the property. Relying on pre-divorce code law, plaintiff notes that, following their divorce, the parties became tenants-in-common of equal one-half shares in the residential property and either of them may bring suit to have the property sold and the proceeds divided between them. 68 P.S. §501. Furthermore, plaintiff claims that defendant's appropriation of the money jointly held in the investment fund account resulted in an offer by defendant to partition the account, such action being construed under pre-code law as a consent to destruction of the parties' estate by the entireties in the account. Vento v. Vento, 256 Pa. Super. 91, 389 A.2d 615 (1978). "The Code is title blind," however, "and all property is presumed to be marital, except for certain carved-out exceptions." Johnson v. Johnson, 22 D. & C. 3d at 102-103. The "Court's power to di-

430

rect a partition of property is qualified by its duty to divide marital property in an equitable way." Platek v. Platek, 454 A.2d at 1062-1063. Although the Vento doctrine is still applicable to jointly held non-marital property, it has no application to marital property. Plaintiff has failed to plead any facts in her amended complaint which demonstrates that she has any non-marital interest in the residential realty or the investment fund account. We therefore find no basis in this case for a cause of action in partition.

Accordingly, defendant's preliminary objections in the nature of a demurrer to Count V of plaintiff's amended complaint must be sustained and plaintiff's action for partition must be dismissed.

Furthermore, this court having concluded that partition is not an appropriate remedy for plaintiff in this case, plaintiff's motion to enlarge jurisdiction of the master must be denied.

### ORDER

Now, this January 17, 1985, defendant's preliminary objections in the nature of a demurrer to plaintiff's amended complaint are sustained and Count V of the amended complaint setting forth a claim for partition is dismissed. Plaintiff's motion to enlarge jurisdiction of the master is denied.