J-A16009-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DUSTIN SANDERS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KAREN SANDERS | : | No. 1988 MDA 2018 |

Appeal from the Order Entered November 6, 2018
In the Court of Common Pleas of Clinton County Civil Division at No(s):
441-2017

BEFORE:   LAZARUS, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY LAZARUS, J.:                    **FILED AUGUST 12, 2019**

Dustin Sanders ("Husband") appeals from the order, entered in the Court of Common Pleas of Clinton County, divorcing Husband and Karen Sanders ("Wife") from the bonds of matrimony and distributing the parties' marital estate.   On appeal, Husband challenges the court's equitable distribution order.   After careful review, we affirm based on the opinion of the Honorable Michael F. Salisbury.

The parties were married in 2008 and separated in December 2016. Husband is 39 years old, and Wife is 42 years old; they are both in good health.   The parties share legal and physical custody of their three minor children.

On April 5, 2017, Husband filed a complaint in divorce, 23 Pa.C.S. §§ 3301(c)-(d), and requested equitable distribution of the marital property.   The trial court held hearings on April 17, 2018, and May 31, 2018.

---

*   Former Justice specially assigned to the Superior Court.

The marital home was valued at $186,000.00, subject to a mortgage of $132,260.70 at the date of separation. The marital portion of Wife's Public School Employee's Retirement System ("PSERS") pension was valued at $24,012.01.[1]

The trial court relied upon the Wife's business evaluator to determine the value of the Husband's scrap business. Wife retained Joseph Fedeli ("Fedeli"), who valued the business at $41,000.00. Fedeli analyzed the historical profitability of the business by using the parties' tax returns. Fedeli did not consider goodwill and found that it was a commodity-based type of business when determining his valuation.

Following the hearings, the trial court entered an order on September 14, 2018, dividing the equity in the marital estate equally (50/50 division) to Husband and Wife. Husband filed a motion for reconsideration of the court's September 14, 2018, order.[2] This timely appeal followed. Husband raises the following issues for our review:

> 1. Did the court err and abuse its discretion in valuing Wife's PSERS pension by using the contributions and interest as the value instead of using the "total value" or "present value" figure as noted in the annual PSERS' statements?

---

[1] At the date of separation, Wife's PSERS pension was valued at $45,980.85, less the value at the date of marriage ($19,484.11), less the amount from date of separation to the final statement ($2,484.53), resulting in $24,012.01.

[2] On November 6, 2018, Judge Salisbury entered an amended order, correcting an error that awarded the 2003 Subaru vehicle to Wife instead of Husband and denying the remaining modification requests.

2. Did the court err and abuse its discretion in failing to reduce the equity in the marital home by the customary six percent realtor's commission and one percent transfer tax as is required by 23 Pa.C.S. § 3502(a)(10.2)?

3. Did the court err and abuse its discretion in adopting Wife's expert's valuation of Husband's business?

Appellant's Brief, at 8.

Our role in reviewing equitable distribution awards is well settled.

Our standard of review in assessing the propriety of a marital property distribution is whether the trial court abused its discretion by a misapplication of the law or failure to follow proper legal procedure. An abuse of discretion is not found lightly, but only upon a showing of clear and convincing evidence.

*McCoy v. McCoy*, 888 A.2d 906, 908 (Pa. Super. 2005) (internal quotations omitted). We have further stated:

An abuse of discretion requires a showing of clear and convincing evidence. We will not find an abuse of discretion unless the law has been overridden or misapplied or the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence in the certified record. To determine the propriety of an equitable distribution award, courts must consider the distribution scheme as a whole. [W]e measure the circumstances of the case against the objective of effectuating economic justice between the parties and achieving a just determination of their property rights.

*Smith v. Smith*, 904 A.2d 15, 19 (Pa. Super. 2006) (internal citations and quotations omitted). *See also Schenk v. Schenk*, 880 A.2d 633, 639 (Pa. Super. 2005).

Husband first argues that, in calculating its distribution award, the court should have relied upon "total" instead of "current" valuation of Wife's PSERS pension. Appellant's Brief, at 19. Husband presented no evidence to

- 3 -

substantiate his claim that Wife's PSERS pension was undervalued, as there was no appraisal conducted. N.T. Hearing, 5/31/18, at 66. Instead, Husband chose to rely on the documentation that Wife provided. During the hearing, Husband questioned Wife regarding amounts stated on her PSERS pension report, but he did not dispute them. *Id.* at 65-66. Because the court's distribution scheme did not require any allocation to Husband of the marital portion of Wife's pension, the court was not required to decide between an immediate offset or deferred distribution method. *See* 23 Pa.C.S. § 3501(c). We conclude, therefore, that the trial court did not abuse its discretion in the valuation of Wife's PSERS pension. *See* Trial Court Opinion, 9/14/18, at 8.

Husband next argues that section 3502(a)(10.2) of the Divorce Code requires the trial court to credit him for customary expenses associated with the sale of the marital home. Appellant's Brief, at 25. This Court has recognized "adjustment in the value of a residence for expenses associated with a contemplated sale may be an appropriate consideration in some equitable distribution cases. We neither forbid nor require the practice." *See* *Zeigler v. Zeigler*, 530 A.2d 445, 447 (Pa. Super. 1987). Here, Husband asked for the property, it was awarded to him, and at no point in the record is there any indication that he planned to sell the home. The court, therefore, awarded the marital home to Husband without deductions for transfer tax and brokerage fees. We find no abuse of discretion. *See* Trial Court Opinion, *supra* at 7.

Lastly, Husband argues that the valuation of his business conducted by Fedeli was fatally flawed. Appellant's Brief, at 29. Husband takes issue with the fact that this was Fedeli's first time testifying in a divorce case, that he had never prepared another evaluation of a scrap business, and he did not include good will in his valuation. *Id.* However, Husband did not object to the admission of Fedeli's valuation report, nor did he object to the qualification of Fedeli as an expert in the field of accounting and business valuations. *See* N.T. Hearing, 5/31/18, at 7-8. Fedeli explained how he arrived at the valuation of the business. *Id.* at 23-32. He sourced the information entirely from documents provided by both parties, mainly from Husband. *Id.* Husband and Wife provided separate valuations and the trial court found Fedeli's report more compelling.

This Court has consistently held that, "[i]n determining the value of marital property, the court is free to accept all, part or none of the evidence as to the true and correct value of the property." *Smith v. Smith*, 904 A.2d 15, 22 (Pa. Super. 2006). *See Verholek v. Verholek*, 741 A.2d 792 (Pa. Super. 1999) (Divorce Code does not contain specific method for valuing assets; trial court must exercise discretion and rely on estimates, inventories, records of purchase prices, and appraisals submitted by parties, and court is free to accept all, none, or portions of testimony regarding true and correct value of property). Trial courts are afforded great discretion in evaluating the parties' valuation methods and determining which is most reliable. Thus, we defer to the factfinders' discretion in weighing the evidence and assessing the

credibility of the witnesses. *Carney v. Carney*, 167 A.3d 127, 132 (Pa. Super. 2017). We find no error or abuse of discretion. *See* Trial Court Opinion, *supra* at 8-11.

In conclusion, we find no merit to Husband's claims that the trial court abused its discretion in valuing the parties' marital assets. Accordingly, we affirm the trial court's order based on Judge Salisbury's opinion dated September 14, 2018. We instruct the parties to attach a copy of that decision in the event of further proceedings.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/12/219

**IN THE COURT OF COMMON PLEAS OF CLINTON COUNTY, PENNSYLVANIA**
**CIVIL ACTION -- LAW**

| | | |
|---|---|---|
| DUSTIN SANDERS, | ) | No. 441-2017 |
| Plaintiff | ) | DIVORCE |
| | ) | |
| vs | ) | |
| | ) | |
| KAREN SANDERS, | ) | |
| Defendant | ) | |

FILED
2018 SEP 14 AM 11:57
MARIE J. VILELLO
CLINTON COUNTY, PA
PROTHONOTARY & CLERK

## FINDINGS OF FACT, OPINION AND ORDER

### BACKGROUND

The parties, Plaintiff, Dustin Sanders, hereinafter "Husband", and Defendant, Karen Sanders, hereinafter "Wife", were married on June 28, 2008. The parties separated in December of 2016. On April 5, 2017, Husband filed a Complaint in Divorce requesting the entry of a divorce decree pursuant to 23 Pa. C.S. §3301(c)(d) as well as equitable distribution of the parties' marital property and debt.

The matter came before the Court for final hearings on April 17, 2018 and May 31, 2018.

The Court has also received and considered the parties' Memorandums of Law submitted to the Court in support of their respective positions.

Accordingly, the Court is now poised to publish the following Findings of Fact, Opinion and Order.

### FINDINGS OF FACT:

1.  Plaintiff, hereinafter "Husband", is Dustin Sanders.

2.  Defendant, hereinafter "Wife", is Karen Sanders.

3.  Husband and Wife were married on June 28, 2008.

MICHAEL F. SALISBURY
JUDGE
—
COURT OF COMMON PLEAS
25TH JUDICIAL DISTRICT
OF PENNSYLVANIA
COURTHOUSE
LOCK HAVEN, PA 17745

Appendix B

4. The parties are the natural parents of three minor children, (Carson Sanders, born July 2009; Gabrielle Sanders and Sophia Sanders, born March 2012), and currently exercise a 50/50 legal and physical custody arrangement with respect to all three children.

5. Pursuant to stipulation, the parties separated on or about December 15, 2016.

6. Husband was born in September of 1980.

7. Wife was born in February of 1977.

8. This marriage is the only marriage for either party.

9. Husband is a high school graduate.

10. Wife possesses a Bachelor's Degree.

11. Husband worked as a CNC machinist from 1998 through 2014 and received on-the-job training.

12. Husband quit his job in 2014 to focus on his current business, which is identified as "Sanders Scrap Collection".

13. At the time of Husband's voluntary quit in 2014, Husband was averaging compensation at the rate of $18.00 per hour.

14. Husband is capable of returning to work as a machinist.

15. Husband's 2017 tax return listed Husband's annual income from his scrap business at $17,775.00.

16. Husband's expenses include the following:

| | | |
|---|---|---|
| (a) | Electric | $ 160.00 per month |
| (b) | 2016 F-350 Truck Loan | $ 685.80 per month |
| (c) | NetFlix | $ 15.00 per month |
| (d) | House Phone/Internet | $ 90.00 per month |
| (e) | Cell Phone | $ 110.00 per month |
| (f) | Mortgage | $ 900.00 per month |
| (g) | Business Vehicle Expense | $ 125.00 per month |
| (h) | Camper Payment | $ 121.00 per month |
| (i) | Credit Card Payment | $ 60.00 per month |

MICHAEL F. SALISBURY
JUDGE
—
COURT OF COMMON PLEAS
25TH JUDICIAL DISTRICT
OF PENNSYLVANIA
COURTHOUSE
LOCK HAVEN, PA 17745

Appendix B

Husband's Total Expenses   ·  ·   $2,265.80 per month

17.    Wife is employed at the Sugar Valley Rural Charter School as a teacher.

18.    At the time the parties were married, Wife was employed in the same capacity with the same employer.

19.    In 2012 the parties had twin daughters.

20.    Pursuant to agreement, Wife worked until the end of the 2012 school year at which time she resigned and stayed home until 2016 at which time she returned to work as a teacher at the Sugar Valley Rural Charter School.

21.    Wife is a participant with the PSERS Retirement Program.

22.    Wife's current salary is $1,614.23 bi-weekly, for an annual salary of $41,969.98.

23.    The parties filed joint tax returns for the years 2008 through 2016.

24.    The parties' standard of living during the marriage was upper middle class.

25.    The assets of the marital estate consists of the following, with assigned values:

| | |
|---|---|
| (a) Marital Interest in "Sanders Scrap Collection"<br>(Discussion Below) | $ 41,000.00 |
| (b) Military Memorabilia Collection<br>(Discussion Below) | $ 7,000.00 |
| (c) Camper ($9,350 less DOS payoff $9,087.45) | $ 262.55 |
| (d) 2016 F-350 Truck<br>($42,871.00 less DOS payoff - $48,719.02) | $(- 5,848.02) |
| (e) 2003 Suzuki XL7 SUV | $ 2,358.00 |
| (f) Marital Residence – 2500 E. Valley Rd., Loganton, PA<br>($186,000.00 Mortgage Balance less DOS payoff of $132,260.70) | $ 53,739.30 |
| (g) Wife's PSERS Retirement (DOS)<br>(DOS value $43,496.12 less DOM value of $19,484.11) | $ 24,012.01 |
| (h) Husband's 401K (DOS) | $ 7,510.23 |
| (i) M&T Joint Checking Account (DOS) | $ 335.00 |
| (j) M&T Joint Savings Account (DOS) | $ 150.12 |
| (k) PSECU Joint Checking Account (DOS) | $ 1,175.10 |
| (l) PSECU Joint Savings Account (DOS) | $ 148.94 |

MICHAEL F. SALISBURY
JUDGE
—
COURT OF COMMON PLEAS
25TH JUDICIAL DISTRICT
OF PENNSYLVANIA
COURTHOUSE
LOCK HAVEN, PA 17745

Appendix B

26. Marital Liabilities:

| | | | |
|---|---|---|---|
| (a) | M&T Credit Card | $ | 2,540.77 |
| (b) | Bank of America Credit Card | $ | 3,319.12 |
| (c) | PSECU Credit Card | $ | 9,566.75 |
| (d) | Sam's Club Credit Card | $ | 6,337.68 |
| (e) | Appraisal Fee for Marital Residence (pd. by Husband) | $ | 300.00 |
| (f) | Appraisal Fee for Military Collection (pd. by Husband) | $ | 287.50 |

27. Wife has paid for Husband's medical and dental insurance through her employer at the rate of $74.05 per month ($1,340.55) from the date of separation.

28. The parties sold their first marital residence.

29. The parties relocated to the current marital residence and used the net proceeds of the sale of the first marital residence (approximately $30,000.00), to refinish all floors, replace carpeting, replace electrical switches and electrical work, update the plumbing, install a new shower unit, new toilets and a well, install a new roof, furnace and central air unit and heat pump.

30. The remainder of the net proceeds from the sale of the first marital residence were used for a family vacation.

31. During the marriage the parties remained current on their financial obligations including all afore-referenced credit cards.

### CONCLUSIONS OF LAW/DISCUSSION AS TO EQUITABLE DISTRIBUTION:

In accordance with §3502 of the Divorce Code, the Court must consider the factors set forth below in determining equitable distribution of property. Upon consideration of the evidence presented at the hearing and the submissions of the parties and the Findings of Fact that previously appear in this publication, the Court has considered the following when evaluating the parties' claim for equitable distribution:

1. Length of the Marriage. The parties were married on June 28, 2008.

2. Any Prior Marriages of Either Party. None.

MICHAEL F. SALISBURY
JUDGE

COURT OF COMMON PLEAS
25TH JUDICIAL DISTRICT
OF PENNSYLVANIA
COURTHOUSE
LOCK HAVEN, PA 17745

Appendix B

3. **The Age, Health, Station, Amount and Sources of Income, Vocation Skills and Employability, Estates, Liabilities and Needs of Each of the Parties.**

(a) Age: Husband is 37 years of age and Wife is 41 years of age.

(b) Health: Each party is in good health.

(c) Station: The parties enjoyed a middle class lifestyle while married.

(d) Amount and Sources of Income: Wife is employed as a teacher with her benefit package at the Sugar Valley Rural Charter School. Husband is self-employed and operates a business known as "Sanders Scrap Collection".

(e) Vocational Skills and Employability: Husband is a high school graduate. Wife possesses a Bachelor's Degree.

(f) Estates: The Court did not receive any information at the time of the economic hearing that would permit it to make a finding that either party is expecting any substantial inheritance or legacy.

(g) Liabilities and Needs: The parties are able to care for themselves.

4. **The Contribution by One Party to the Education, Training or Increased Earning Power of the Other Party.** The Court did not receive any information at the time of the hearing that would permit the Court to utilize this factor in favor of either party.

5. **The Opportunity for Each Party for Future Acquisitions of Capital Assets and Income.** The Court finds Husband is able to return to work as a machinist at the rate of $18.00 per hour should he so choose. Wife will remain a teacher with her benefit package at the Sugar Valley Rural Charter School.

6. **The Sources of Income of Both Parties Including but Not Limited to Medical, Retirement, Insurance or Other Benefits.** Husband is self-employed and without benefits. Wife is employed as a school teacher with the Sugar Valley Rural Charter School and will have healthcare coverage available to her. Husband did not

IAEL F. SALISBURY
JUDGE

RT OF COMMON PLEAS
TH JUDICIAL DISTRICT
OF PENNSYLVANIA
COURTHOUSE
CK HAVEN, PA 17745

Appendix B

present any testimony regarding the cost of healthcare. Wife is also covered under her employer's retirement plan. Husband is without a retirement plan.

7. <u>The Contribution or Dissipation of Each Party in the Acquisition, Preservation, Depreciation or Appreciation of the Marital Property Including the Contribution of a Party as a Homemaker</u>. Wife, with Husband's consent, ceased employment in 2012 to care for the parties' minor children and take care of the homemaker duties and returned to employment in 2016.

8. <u>The Value of Property Set Aside to Each Party</u>. Wife possesses pre-marital interest in her PSERS Retirement Account in the amount of $19,484.11.

9. <u>The Standard of Living the Parties Established During the Marriage</u>. As previously noted, the parties lived a middle class lifestyle.

10. <u>The Economic Circumstances of Each Party, including Federal, State and Local Tax Ramifications, at the Time of Division of the Property is to Become Effective</u>. Husband offered testimony related to expenses to the sale of the real estate should that occur. The Court has considered that in arriving at its decision.

11. <u>Whether a Party Will Be Serving as the Custodian of Any Dependent Minor Child(ren)</u>. There were three children born of this marriage. The parties equally share legal and physical custody of the minor children and, therefore, this factor is balanced equally.

**EQUITABLE DISTRIBUTION**

Marital property is not divided equally. *Drake v Drake*, 725 A.2d 717 (Pa. 1999); *Williamson v Williamson*, 586 A.2d 967 (Pa. Super. 1991); *Fratangelo v Fratangelo*, 520 A.2d 1195 (Pa. Super. 1987). The law of Pennsylvania does not recognize a presumption of a 50/50 division of marital assets. *Platek v Platek*, 454 A.2d 1059 (Pa. Super. 1982). In fact, the trial court may not consider 50%-50% as a starting point.

MICHAEL F. SALISBURY
JUDGE

COURT OF COMMON PLEAS
25TH JUDICIAL DISTRICT
OF PENNSYLVANIA
COURTHOUSE
LOCK HAVEN, PA 17745

Appendix B

*Fratangelo*, above. The criteria for equitable distribution is set forth at 23 Pa. C.S. §3502(a); see *Bachetta v Bachetta*, 445 A.2d 1194 (Pa. 1982). The Court has previously reviewed the equitable distribution criteria.

The Divorce Code grants the trial court a broad measure of discretion in deciding how to divide marital property. *Drake v Drake*, 725 A.2d 717 (Pa. 1999); *Sutliff v Sutliff*, 543 A.2d 534 (Pa. 1988); *Viese v Viese*, 979 A.2d 892 (Pa. Super. 2009).

The list of §3502 factors serves as a guideline for consideration, although the list is neither exhaustive nor specific as to the weight to be placed upon each factor. *Fonzi v Fonzi*, 633 A.2d 634 (Pa. Super. 1993); *Sergi v Sergi*, 506 A.2d 928 (Pa. Super. 1986). The trial court may divide the marital property in any such proportions as it deems appropriate to effectuate economic justice between the spouses and may consider each marital asset independently, applying a different percentage to each asset. *Ruza v Ruza*, 1 Pa. D & C 5th 25 (C.P. Delaware 2009).

## DISCUSSION

### Marital Home:

The appraisal established the value of the marital residence at $186,000.00. Husband seeks credit for transfer tax and brokerage fee. There was no proposal from Husband to sell the property and, therefore, the house will be awarded to Husband without the deductions.

### Military Memorabilia Collection:

Wife argues that Husband's Military Memorabilia Collection appraisal is defective in that the appraiser failed to include the Japanese Declaration of War. The Court makes a specific finding that the appraisal included all items of memorabilia and, therefore, is valued at $7,000.00.

IAEL F. SALISBURY
JUDGE

IRT OF COMMON PLEAS
IH JUDICIAL DISTRICT
OF PENNSYLVANIA
COURTHOUSE
:X HAVEN, PA 17745

Appendix B

<u>Wife's PSERS Account</u>:

Husband requests that the Court find that Wife's date of separation value for the PSERS account is $90,644.00. Husband is misreading the statement. The PSERS statement for the date of separation value is $45,980.85 (end of June 2017).

The Court accepts Wife's argument that there needs to be a reduction of $2,484.53 for the time period of December 16, 2016 (the parties' date of separation), through the date of the final statement. Accordingly, the date of separation value for the PSERS account is $43,496.12. Subtract from that the date of marriage value of $19,484.11, which results in the sum of $24,012.01 that is available for purposes of equitable distribution.

<u>"Sanders Scrap Collection"</u>:

Both parties secured the services of a business evaluator for Husband's scrap business, "Sanders Scrap Collection", hereinafter "Scrap Business". Husband retained Dean P. Muller who based his valuation on tax returns for the years 2012 through 2016, which included personal tax returns and Schedule C, and Scrap Business financial statements for the years 2014 through 2016. In addition, Husband supplied Mr. Muller with transcripts from his two vendors for the years 2014 through 2016. The transcripts identified monies paid for merchandise.

Mr. Muller was unable to find any representative sales of companies of like size and, therefore, could draw no conclusion from other market transactions. Mr. Muller also looked at the assets on the Schedule C report of the Scrap Business and reconstructed a balance sheet based on cash amounts that were provided from the statements. Mr. Muller utilized inventory figures that were provided as well as the assets, which consisted of two vehicles, small hand tools and a pallet check. Finally, Mr. Muller calculated the debt that was attributable to the company. Mr. Muller found

MICHAEL F. SALISBURY
JUDGE

COURT OF COMMON PLEAS
25TH JUDICIAL DISTRICT
OF PENNSYLVANIA
COURTHOUSE
LOCK HAVEN, PA 17745

Appendix B

that the Scrap Business had no value, finding that the liabilities exceeded the assets of the company.

The Scrap Business collects specialized scrap. Approximately 90% of the business is oriented around scrap collected primarily from catalytic converters and circuit boards or other electronic instruments. Husband, in turn, sells these items to a refining company in New Jersey for extraction of precious metals that are found in the instruments. The remaining 10% of the business is scrap iron. The Scrap Business sells to Key Metal Refining in New Jersey and Penn Recycling in Williamsport. Mr. Muller confirms that the business is a one person operation being operated exclusively by Husband. Mr. Muller also opined that the goodwill in the business was personal goodwill and, therefore, was not subject to marital distribution.

In response, Wife retained Joseph Fedeli to perform a business valuation on the Scrap Business. Mr. Fedeli is a certified public accountant and was recognized by the Court as an expert in the field of accounting and business valuations. Mr. Fedeli secured national information regarding scrap recycling as well as historical tax returns from the parties. Mr. Fedeli reviewed Mr. Muller's report and prepared his own report for the economic hearing. Mr. Fedeli valued the business at $41,000.00 as of December 31, 2016 (date of separation value).

In calculating the value of the business, Mr. Fedeli analyzed the historical profitability of the business as reported on Schedule C, which were attached to the parties' 1040 tax returns. Mr. Fedeli made certain adjustments that he considered appropriate to normalize and adjust the recorded profits and then used those profits, after deducting a reasonable salary for the operator of the business, to derive excess cash flow which was then discounted pursuant to a capitalization rate resulting in the $41,000.00 valuation.

MICHAEL F. SALISBURY
JUDGE

COURT OF COMMON PLEAS
25TH JUDICIAL DISTRICT
OF PENNSYLVANIA
COURTHOUSE
LOCK HAVEN, PA 17745

Appendix B

Mr. Fedeli looked at the business, looked at the profits, stepped back and concluded that even deducting a reasonable salary for Husband's efforts, there was enough cash flow for someone to make an investment in the business. Mr. Fedeli did not consider goodwill in arriving at his valuation. Mr. Fedeli reviewed Husband's 2017 income tax return, reviewed financial documents and tax returns, spoke to both parties and went to the business location to do an on-site inspection. Mr. Fedeli has been an accountant for approximately forty years and has been valuating businesses for at least twenty years. He has valued approximately one hundred businesses to date. Mr. Fedeli has also performed forensic accounting.

Mr. Fedeli also acknowledged that there was $15,000.00 that Husband put into the business that was not properly reported on his tax returns.

Of utmost importance to the Court was Mr. Fedeli's testimony regarding the payment of expenses by the Scrap Business. Mr. Fedeli reviewed Husband's outlined various income and expenses of the parties' household, which included a truck payment, car payment, mortgage, household utilities, cable, food and the like. When those were added up and converted on a monthly basis, by simple arithmetic, it is apparent that the income being generated from the wages of the parties did not generate enough cash flow in order for them to pay those expenses. Accordingly, Mr. Fedeli made a $10,000.00 adjustment which he identified as income that was unreported from the business.

Mr. Fedeli found that because the business at issue is a commodity-based type of business and, therefore, the total value of $41,000.00 is attributed to the business and is not attributed at all to goodwill.

The Court found Mr. Fedeli's explanation of how he arrived at his valuation to be the most persuasive. It is clear to the Court that the parties' monthly net expenses exceeded the reported household income. After taxes, the parties needed $48,000.00

MICHAEL F. SALISBURY
JUDGE

COURT OF COMMON PLEAS
25TH JUDICIAL DISTRICT
OF PENNSYLVANIA
COURTHOUSE
LOCK HAVEN, PA 17745

Appendix B

per year to cover their mortgage, electric, telephone, lunches, gas, vehicle payments and other related expenses. Husband denied being involved in any other activity that generated income. Therefore, since Wife was a salaried employee with the Sugar Valley Charter School, the only other explanation for the parties' ability to meet their monthly expenses was unreported income from Husband's business.

The Court would note that Wife signed the joint income tax returns and was complicit if there was any fraudulent reporting.

The Court rejects Husband's testimony that outside monies were introduced through the business by way of the net proceeds resulting from the sale of their previous marital residence. As noted in the Findings of Fact, the Court accepts Wife's explanation that the net sales proceeds from the first marital residence were used for home improvements to the current marital residence. Those improvements as well as the parties' family vacation were outlined in the Findings of Fact.

The Court declines to equitably divide the appraisal expenses. The parties are equally responsible for any fraud as it relates to the business and will be held responsible for their own appraisal costs. The cost of the military memorabilia appraisal will be borne exclusively by Husband and is not subject to equitable distribution or an award of costs.

The parties have only been married from 2008 through the end of 2016. Based on the parties' respective incomes as determined by the Court, it is appropriate that the parties split the assets and liabilities 50/50 given the Statutory Factors that were previously discussed.

Husband has an earning capacity equivalent to Wife. The parties are equally sharing custody of their three minor children.

Accordingly the Court will issue the following Order:

MICHAEL F. SALISBURY
JUDGE
—
COURT OF COMMON PLEAS
25TH JUDICIAL DISTRICT
OF PENNSYLVANIA
COURTHOUSE
LOCK HAVEN, PA 17745

Appendix B

# IN THE COURT OF COMMON PLEAS OF CLINTON COUNTY, PENNSYLVANIA
## CIVIL ACTION – LAW

DUSTIN SANDERS,     )     No. 441-2017
         Plaintiff   )     DIVORCE
                )
     vs            )
                )
KAREN SANDERS,     )
         Defendant )

This matter comes before the Court on Plaintiff's Motion for Reconsideration from the Opinion and Order published September 14, 2018. The Court received argument this date on the issues raised in Plaintiff's motion.

The parties agree that the Court awarded non-marital property in the form of a 2003 Subaru vehicle to Wife when, in fact, it should have been awarded to Husband. The Court will make this correction.

For reasons set forth on the record, the Court denies the remaining modification requests addressed in Plaintiff's Motion for Reconsideration and will issue the following Amended Order:

## AMENDED ORDER

AND NOW, this 6th day of NOVEMBER, 2018, following hearing on Plaintiff's Motion for Reconsideration, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff, Dustin Sanders, and Defendant, Karen Sanders, are divorced from the bonds of matrimony.

Appendix A

\EL F. SALISBURY
JUDGE
⎯
T OF COMMON PLEAS
I JUDICIAL DISTRICT
F PENNSYLVANIA
COURTHOUSE
: HAVEN, PA 17745

2. The Court will enter an Order distributing the parties' marital assets and debts such that fifty percent (50%) of the total marital equity is allocated to Husband and fifty percent (50%) of the total marital equity is allocated to Wife as follows:

A. The marital assets are distributed as follows:

| Marital Asset | Value | Husband | Wife |
|---|---|---|---|
| Sanders Scrap Collection | $ 41,000.00 | $41,000.00 | |
| Military Memorabilia | $ 7,000.00 | $ 7,000.00 | |
| Camper | $ 265.55 | $ 265.55 | |
| ($9,350.00 less DOS payoff of $9,087.45) | | | |
| 2016 F350 Truck | $(-5,848.02) | $(-5,848.02) | |
| 2003 Suzuki XL7 SUV | $ 2,358.00 | | $ 2,358.00 |
| Marital Residence | $ 53,739.30 | $ 53,739.30 | |
| ($186,000.00 less DOS payoff of $132,260.70) | | | |
| Wife's PSERS Retirement | $ 24,012.01 | | $24,012.01 |
| (DOS value $43,496.12 less DOM value of $19,484.11) | | | |
| Husband 401K (DOS value) | $ 7,510.23 | $ 7,510.23 | |
| M&T Bank Joint Checking (DOS) | $ 335.00 | $ 335.00 | |
| M&T Bank Joint Savings (DOS) | $ 150.12 | $ 150.12 | |
| PSECU Joint Checking (DOS) | $ 1,175.10 | | $ 1,175.10 |
| PSECU Joint Savings (DOS) | $ 148.94 | | $ 148.94 |
| Husband's M&T Credit Card (DOS) | $(-2,540.77) | $(-2,540.77) | |
| Wife's Bank of America Credit Card (DOS) | $(-3,319.12) | | $(-3,319.12 |
| Wife's PSECU Credit Card (DOS) | $(-9,566.75) | | $(-9,566.75 |
| Wife's Sam's Club Credit Card (DOS) | $(-6,337.68) | | $(-6,337.68 |

3. All household and personal items identified in Defendant's Exhibit No. 2, which is attached hereto, shall be returned by Husband to Wife within thirty (30) days the date of this Order and said property shall become the sole and exclusive property Wife.

4. Each party shall retain and exercise sole ownership of any other item of personal property in said party's possession.

MICHAEL F. SALISBURY
JUDGE
----
COURT OF COMMON PLEAS
25TH JUDICIAL DISTRICT
OF PENNSYLVANIA
COURTHOUSE
LOCK HAVEN, PA 17745

Appendix A

5. The parties' opposing requests for reimbursement of appraisal costs are denied. Each party is responsible for their own appraisal fees and costs.

6. Husband shall take appropriate steps to have Wife's name removed from the mortgage within ninety (90) days of the date of this Order. In the event Husband is unable to comply with this directive, the marital residence shall be placed for sale with an agreed upon realtor at the listing price of $186,000.00, unless otherwise agreed. In the event the parties are unable to agree on a realtor, the Court will make the final decision. In the event the marital property is sold, all closing costs including but not limited to realtor's fees, transfer tax and necessary closing expenses shall be divided equally by the parties.

7. The Court finds that the 1999 F-350 truck is non-marital and is the separate property of Husband.

8. (a) **The Court finds that the 2003 Subaru vehicle is non-marital and is the sole and exclusive property of Husband.**

(b) **For purposes of clarification, Wife is authorized to retain her PSERS Retirement Account and Husband is authorized to retain his 401K account.**

9. Husband shall pay to Wife the sum of $46,570.46 within ninety (90) days of the date of this Order, representing Wife's portion of the equitable distribution award.

10. In addition to the equitable distribution award, Husband shall pay to Wife the sum of $1,340.55 representing one-half (1/2) of Wife's expenses for Husband's healthcare from the date of separation through the date of the entry of this Divorce Decree. This amount is payable within ninety (90) days of the date of this Order.

MICHAEL F. SALISBURY
JUDGE

COURT OF COMMON PLEAS
25TH JUDICIAL DISTRICT
OF PENNSYLVANIA
COURTHOUSE
LOCK HAVEN, PA 17745

Appendix A

11. Each party shall cooperate with the other in the preparation and execution of any and all deeds or titles necessary to complete the equitable distribution award. The party requesting the document shall be responsible for the costs, filing or recording fees for the same. Each party, upon request of the other, shall execute the required documents within seven (7) days of the request.

12. Any remaining economic claims raised by either party are dismissed.

BY THE COURT:

_____
Michael F. Salisbury          J.

cc: Brian V. Manchester, Esquire
Dustin Sanders, Plaintiff, 2500 East Valley Road, Loganton, PA 17747
Honorable Craig P. Miller, President Judge

MICHAEL F. SALISBURY

JUDGE
—
COURT OF COMMON PLEAS
25TH JUDICIAL DISTRICT
OF PENNSYLVANIA
COURTHOUSE
LOCK HAVEN, PA 17745

Appendix A